TYRRELL
v.
LOCKHART.

*Friday,*
*November 30.*

---

## TYRRELL and Others *v.* LOCKHART.

Case for obstructing a navigable river to the plaintiff's injury, &c. The declaration averred that on, &c. at the county of *M.,* (in which the suit was brought,) the defendant built a dam across the east fork of *White* river in said county, the said river being then and there a navigable stream. *Held,* that after verdict, the declaration could not be objected to, for not stating more explicitly that the river was a public highway.

A jury, by consent of the parties and the Court, sealed up their verdict in the evening, separated, met again in the morning and gave it in. The verdict being defective, the jury retired by direction of the Court, reconsidered it and returned a correct one. *Held,* that this proceeding was not erroneous.

In an action on tort against several defendants, the assessment of damages must be entire against those who may be found guilty.

If any of the defendants in such a case are acquitted, and they neglect to ask a judgment for costs, the want of such a judgment does not render the proceedings erroneous.

*Friday,*
*November 30*

ERROR to the *Martin* Circuit Court.

BLACKFORD, J.—*Lockhart* brought an action of trespass on the case against *Tyrrell, S. Tindall, G. W. Tindall, Dockery, Medlock, Aldridge, Pullum,* and *French.*

The declaration charges that the defendants, on the 21st of *December,* 1830, at the county of *Martin,* in this state, built a fish dam, of wood and stone, across the east fork of *White*

river, in the said county; *the said east fork of White river then and there being a navigable stream.* The declaration states further, that the plaintiff's boat, as he was descending the river with it, struck on the dam obstructing the free navigation of the river, and continued there for twenty days; during which time *said navigable stream* became frozen over, &c.

Nov. Term, 1832.

Tyrrell
v.
Lockhart.

The defendants all pleaded not guilty, except *Aldridge*, who made default.

The jury, after hearing the testimony, were directed by the Court, with consent of parties, to seal up their verdict when agreed on, and return it into Court on the following morning. The jury retired, sealed up their verdict, dispersed to their respective homes, and gave in their verdict on the next day. By their verdict, they found for the plaintiff 100 dollars in damages; that *Aldridge, S. Tindall*, and *Tyrrell*, were guilty, and should each pay 33 dollars and 33⅓ cents; and that the other defendants were not guilty. The Court, on motion of the plaintiff, directed the jury to retire to their room and amend their verdict. The jury accordingly retired, and afterwards returned a verdict by which they found *Aldridge, S. Tindall*, and *Tyrrell*, guilty, and the other defendants not guilty; and assessed the plaintiff's damages at 100 dollars. The Court gave judgment for the plaintiff conformably to this last verdict.

The plaintiffs in error make three objections to these proceedings:

First, that the declaration does not allege that the stream is a "public highway," nor that the place where the dam was built, was between the points on the river between which the river is declared by the act to be navigable. The act of 1824, relied on by the counsel for the plaintiffs in error, declares that the east fork of *White* river, from the main forks to the main fork above the mouth of *Flat Rock*, shall be considered a public highway. The declaration alleges the river to be a navigable stream, and the dam to be erected across it within the county of *Martin*. This, we think, is sufficient, after a verdict. The statute is a public one, and the place laid is between the points described in the act.

The second objection is, that the sealed verdict was conclusive, and could not be altered by the jury. This objection cannot be sustained. The sealed verdict could amount to nothing more than a privy verdict, and was not binding on

18

the jury. The first verdict, severing the damages as to the defendants found guilty, was erroneous; *Palmer* v. *Crosby, November* term, 1821; and the Court did right in directing the jury to amend it.

The third objection is, that no judgment was rendered in favour of the defendants who were found not guilty. Those defendants, to be sure, were entitled to a judgment that they should go without day, and recover their costs. They do not appear, however, to have asked for a judgment, and have therefore no reason to complain that it was not rendered.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*E. M. Huntington* and *A. Kinney,* for the plaintiffs.
*J. H. Farnham,* for the defendant.