No. 10,608.

LOY v. LOY, BY NEXT FRIEND.

BILL OF EXCEPTIONS.—*Filing.— When Part of Record.—Supreme Court.*— Under section 629, R. S. 1881, a bill of exceptions, when filed, becomes a part of the record, and, unless the transcript shows, in some manner, the filing of the bill, it can not be considered in the Supreme Court as constituting a part of the record.

From the Putnam Circuit Court.

*D. E. Williamson* and *A. Daggy*, for appellant.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake*, for appellee.

HOWK, J.—The only error assigned by the appellant on the record of this cause is the overruling of his motion for a new trial. In this motion the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. Manifestly, these causes for a new trial will present no question

for the decision of this court, if it can be correctly said, as the appellee's counsel claim, that the evidence is not in the record.

It is shown by the record that the cause was tried and judgment rendered on the 18th day of May, 1882; and that, on the same day, the appellant was granted an appeal to this court, "and sixty days herefrom are given the parties to file bills of exceptions herein." There is copied into the record a writing purporting to be a bill of exceptions in this case, which writing concluded as follows:

"And the defendant now asks that this, his bill of exceptions,. be signed, sealed and made part of the record in said cause, which is done this 15th day of July, 1882."

(Signed) "SILAS D. COFFEY."

The date of this signature shows that the writing was signed by the judge of the court before the expiration of the sixty days' given by the court for filing bills of exceptions. But the record wholly fails to show, in any manner, that this writing or bill of exceptions was filed in the court below, either within the time given, or, indeed, at any time. Appellee's counsel, therefore, insist that the writing or bill of exceptions is not shown to be, and is not, a part of the record, and can not be so regarded by this court in the consideration or decision of this cause.

It seems to us that this position is well taken and must be sustained. The statute provides that when the bill of exceptions is filed "it shall be a part of the record." Section 629, R. S. 1881. Where time is given beyond the term in which to file a bill of exceptions, and it appears that the bill was presented to and signed by the judge within the time limited, the record must show, in some manner, that the bill was filed, or it can not be considered in this court as constituting a part of the record of the cause.

We are of the opinion, therefore, that the bill of exceptions, purporting to contain the evidence on the trial of this case, is not shown to be and is not a part of the record. In

the absence of the evidence from the record, we can not say that the court erred in overruling appellant's motion for a new trial, for either of the causes assigned therein. The ruling of the trial court is presumed to be correct, and the record fails to show that it was erroneous. In such a case we are bound to conclude, as we do, that no error is shown to have been committed by the court in overruling appellant's motion for a new trial. *Myers* v. *Murphy*, 60 Ind. 282; *Bowen* v. *Pollard*, 71 Ind. 177; *Dunn* v. *Hubble*, 81 Ind. 489.

The judgment is affirmed, with costs.