Filed May 30, 1888.

---

No. 14,375.

## PEHLMAN v. THE STATE.

CRIMINAL LAW.—*Defective Verdict.*—*Amendment.*—*Second Jeopardy.*—A defective verdict may be amended at any time before the jury are discharged, and the returning them to their room with instructious to correct a verdict in which the period of disfranchisement is left in blank, does not constitute a second jeopardy.

SAME.—*Separation of Jury.*—*Sealed Verdict.*—*Correction.*—Where jurors have been allowed to separate and return a sealed verdict, which, upon reassembling in court, is found to be defective, they may be sent to their room to make the proper amendment, no power of the court or rights of the parties being waived by the permission to separate.

From the Tippecanoe Circuit Court.

*J. F. McHugh*, for appellant.

*L. T. Michener*, Attorney General, *J. H. Gillett* and *G. P. Haywood*, for the State.

Pehlman *v.* The State.

NIBLACK, C. J.—This was a prosecution upon affidavit and information against Louis Pehlman for purchasing and receiving stolen goods, knowing them to have been stolen. R. S. 1881, section 1935.

A jury was empanelled to try the cause. After the cause had been submitted to the jury it was agreed between the prosecuting attorney and counsel for Pehlman, in the presence and with the assent of the court, that if there should be an agreement upon a verdict after ten o'clock that night and before nine o'clock next morning, the jury might seal up their verdict, place it in the hands of their foreman, and then temporarily separate. The next morning about five o'clock the jury agreed upon a verdict, finding Pehlman guilty as charged, fixing his punishment at a fine of one dollar and imprisonment in the State's prison for one year and disfranchisement for a blank term of years. This verdict was signed, sealed up and taken charge of by the foreman, after which the jury separated. When the court met at nine o'clock on the same morning the jury had reassembled, and were in their appropriate place in the court-room.

Upon inquiry they responded that they had agreed upon a verdict, and delivered the verdict, to which they had agreed as above, to the court. After an inspection of the verdict, the court called the attention of the jury to the fact that it was defective in its failure to specify the time for which Pehlman should be disfranchised, and, upon its own motion, returned the verdict to the jury, directing them to again retire to their room to "consider and correct" their verdict. Over the objection and exception of Pehlman, the jury accordingly retired and soon after returned into court their amended verdict, fixing the term of his disfranchisement at two years. Pehlman thereupon moved the court for his discharge, upon the ground that he had been practically twice placed in jeopardy for the same offence, and, upon the further ground, that as the jury had separated after agreeing upon a verdict, they had no power either to amend their

verdict or to return another verdict. His motion was, nevertheless, overruled.

Other motions designed to test the legality of the proceedings of the court and jury which resulted in the return of an amended verdict, were consecutively entered and overruled, and judgment followed upon the verdict as amended.

We are unable to see that any element of a second jeopardy was involved in the proceedings complained of. The verdict which was first returned was simply and only a defective verdict, and such a verdict may be amended at any time before the jury are discharged. Proffatt Jury Trials, section 456; 1 Works Prac., section 839; 1 Bishop Crim. Proc., section 1004.

.This should ordinarily be done by requiring the jury to return to their room, with proper instructions as to the correction which ought to be made; but where the correction is merely formal, it may be made by direction of the court, in the presence and with the assent of the jury. *Noble* v. *Epperly*, 6 Ind. 468; *Reed* v. *Thayer*, 9 Ind. 157; *Jones* v. *Julian*, 12 Ind. 274; *Crocker* v. *Hoffman*, 48 Ind. 207; *Hyatt* v. *Clements*, 65 Ind 12; *Clayton* v. *State*, 100 Ind. 201.

By permitting a jury to separate after they have agreed upon a verdict, and before it is returned into court, nothing is waived, either as to the power or duty of the court to have the verdict amended, if it shall prove to be a defective verdict, or as to the right of either party to object to the reception of an incomplete or an improper verdict.

Where a jury reassemble after an authorized separation, whether before or after agreeing upon a verdict, they resume at the point at which they left off, and proceed with the business before them as if no separation had taken place. Consequently, when a jury have been allowed to separate and return a sealed verdict, and upon reassembling, the verdict is found to be defective, the jury may be required to retire to their room and make the proper amendment or correction. This was expressly held to be a correct method of procedure,

in the case of *Tyrrell* v. *Lockhart,* 3 Blackf. 136, and is a rule of practice applicable to criminal as well as to civil causes.

The judgment is affirmed, with costs.

Filed June 12, 1888.