Hessian v. The State.

No. 14,401.

## HESSIAN v. THE STATE.

BILL-OF EXCEPTIONS.—*Filing.*—*Record Must Show.*—*Practice.*—Where time is given within which to file a bill of exceptions, the record must affirmatively show in some manner that it was filed within the time given, or it will not be considered on appeal as a part of the record.

From the Monroe Circuit Court.

*R. W. Miers, E. Corr, J. H. Louden* and *W. P. Rogers,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

ZOLLARS, J.—The ground urged by appellant for a reversal of the judgment, and that upon which the State asks for its affirmation, are each based upon a strict construction of the statutes, and neither goes to the merits of the case.

It is contended by appellant that the court erred in giving an oral instruction after having been requested to charge in writing.

On the other hand, it is contended by the attorney general that the record does not present the point relied upon by appellant, for the reasons that it can only be presented by a bill of exceptions, and that there is nothing in the record to show that a bill of exceptions was ever filed.

This contention on the part of the State can not be disregarded. The statute provides that when the bill of exceptions is filed it shall be a part of the record. R. S. 1881, section 629. The holdings have been, that, where time is given in which to file a bill of exceptions, the record must show affirmatively, in some manner, that it was filed within the time given by the court, or it can not be considered in this court as constituting a part of the record. *Loy* v. *Loy,* 90 Ind. 404.

It has been held, however, that where, in the clerk's certificate to the transcript, made before the expiration of the time given within which to file the bill, there is a statement that the transcript is a transcript of all of the papers "*filed*" in the cause, or of all of the papers "*on file*," that will be regarded as sufficient evidence of the filing of the bill. *Hull* v. *Louth*, 109 Ind. 315 (336); *Armstrong* v. *Harshman*, 93 Ind. 216; *Oliver* v. *Pate*, 43 Ind. 132; *Porter* v. *Choen*, 60 Ind. 338 (346).

The case before us is not within the ruling in those cases. After noting the filing of a motion for a new trial by appellant, the record is as follows: "Which motion is overruled by the court, and the defendant at the time excepted, and sixty days are given defendant to file a bill of exceptions. Which bill of exceptions is in the words and figures following, to wit." Following that is set out what purports to be a bill of exceptions.

In his certificate to the transcript the clerk states that the transcript "contains true and complete copies of all the papers and entries in said cause." A bill of exceptions is not a paper in the cause unless filed as required by the statute, and it will readily be seen that there is nothing in the record to show that any bill was ever filed in this cause.

For this reason the judgment must be and is affirmed, with costs.

Filed June 26, 1888; petition for a rehearing overruled Oct. 10, 1888.