Shewalter v. Bergman.

No. 14,581.

SHEWALTER v. BERGMAN.

BILL OF EXCEPTIONS.—*When Not Properly Part of Record.*—Where a bill of exceptions was filed relating to the rulings of the court on the admission and exclusion of evidence, but which did not purport to include all the evidence given on the trial, and ten days later, after the motion for a new trial was overruled, the defendant was granted sixty days within which to file his bill of exceptions, and several months afterwards an entry recited that the reporter's long-hand manuscript of the evidence was filed on that date and incorporated in the bill of exceptions as a part of the transcript, and what purported to be a bill of exceptions containing the evidence, was attached to the transcript, which bore the file-mark of the clerk, but was without his authentication, the evidence is not a part of the record of the cause, and questions upon the admissibility of evidence and the correctness of the instructions given and refused, are not available on appeal. It does not appear that the bill of exceptions was ever filed as a part of the cause as required by section 629, R. S. 1881.

From the Jay Circuit Court.

*C. Corwin, J. M. Smith, T. Bosworth, F. Snyder, H. C. Fox* and *J. F. Robbins*, for appellant.

*W. A. Thompson, A. O. Marsh, J. W. Thompson, W. H. Williamson, J. Bailey* and *C. E. Walters*, for appellee.

MILLER, J.—The only one of the several errors assigned which is presented for our consideration relates to the action of the court in overruling the appellant's motion for a new trial.

The appellee makes the point, and renders it necessary for us to determine, whether the evidence given on the trial of the cause is in the record.

We are informed by the transcript that, on the 17th day of February, 1888, at the close of the trial, the defendant, who is the appellant here, tendered to the court his bill of exceptions No. 1, and the same was signed, sealed and made part of the record on that day.

This bill of exceptions relates to the rulings of the court

on the admission and exclusion of evidence, and does not purport to include all the evidence given on the trial.   On the 27th day of the same month, and after the motion for a new trial had been overruled, an entry appears to have been made in the order book granting the defendant sixty days within which to file his bill of exceptions.   Immediately following this entry, as shown by the transcript, follows the certificate of the clerk, which contains the only authentication to the correctness of. the transcript, in these words:

" State of Indiana, Jay county, ss.:  I, William S. Fleming, clerk of the Jay Circuit Court, in said State, do hereby certify the above and foregoing transcript contains true and complete copies of all the papers and entries in said cause.  I further certify that, on the 2d day of August, 1888, the official reporter who took down the evidence in said cause, filed in my office his long-hand manuscript thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions made part of the foregoing transcript.

" In witness whereof I hereunto set my hand and affix the seal of said court, at the city of Portland, this 2d day of August, 1888.   W. S. Fleming, clerk of the Jay Circuit Court."

This is followed by the assignment of errors, signed by the attorneys of the appellant.

We then find attached to the transcript what purports to be a bill of exceptions containing the evidence, and bearing the file-mark of the clerk of the Jay Circuit Court.   There is no authentication of this annex to the transcript whatever.

Another and equally fatal objection is that except for the file-marks above referred to, it does not appear that the bill of exceptions was ever filed as a part of the cause, as required by section 629, R. S. 1881.   *Shulse* v. *McWilliams,* 104 Ind. 512 ;  *Stewart* v. *State,* 113 Ind. 505 ;  *Loy* v. *Loy,* 90 Ind. 404 ;  *Hessian* v. *State,* 116 Ind. 58.

We conclude that the objection made by the appellee is

The City of Fort Wayne *v.* The Lake Shore and Michigan, etc., R'y Co.

well taken, and that, consequently, the evidence is not a part of the record of this cause.

Without the evidence, the question upon the admissibility of evidence and correctness of the instructions given and refused are not before us in such form as to be available to the appellant. *Stevens* v. *Stevens,* 127 Ind. 568.

Judgment affirmed.

Filed April 2, 1891; petition for a rehearing overruled Jan. 30, 1892.