# Supreme Court of Judicature

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1892, IN THE SEVENTY-SEVENTH YEAR OF THE STATE.

No. 15,826.

### THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY v. HUFFMAN, ADMINISTRATOR.

PLEADING.—*Misnomer of Defendant.—Failure to Plead in Abatement.*— Where a defendant is sued by a wrong name, and pleads to the action by its true name, without pleading the misnomer in abatement, it thereby waives the defect.

SAME.—*Negligence.—Sufficiency of Complaint.*—A complaint charging negligence is sufficient on demurrer if the acts which caused the injury are alleged to have been negligently or carelessly done, without stating the specific facts constituting the negligence.

NEGLIGENCE.—*Maintenance of Dangerous Approach to Bridge.*—The ascent from an approach to a bridge, to the bridge, may be so abrupt and of such a height as to be, when situate upon the top of a high embankment, dangerous to travelers, and its maintenance actionable negligence.

BRIDGES.—*Barriers Along Approach.—Injury.—Intervening Agency.*— Where the defect of the approach to a bridge is the proximate cause of injury, the fact that the absence of barriers along the approach or embankment concurred with the defect in the approach in producing the injury, can not be treated as an independent agency, even if the defendant was under no obligation to maintain such barriers.

SAME.—*Negligence.—Failure to Provide Railings to Approach.*—The approaches to a bridge are a part of the bridge, and where railings or barriers along the approach are needed to make it reasonably safe

for travel by those who exercise ordinary care, the corporation in charge of the bridge is guilty of actionable negligence if it fails to use ordinary care to supply them.

APPEAL.- *Supreme Court Practice.—Harmless Error.—Sustaining Demurrer to Affirmative Answer Provable Under General Denial.*—It is not reversible error to sustain demurrers to affirmative paragraphs of answer where the evidence to support them is admissible under the general denial which is in.

SAME.—*Bill of Exceptions.—Filing.*—The filing of a bill of exceptions should be shown by an order-book entry of the filing, which should be incorporated in the record as other entries. The file mark of the clerk on the bill is not sufficient. The bill is not a part of the record on appeal, unless shown to have been filed.

SAME.—*Supreme Court Practice.— Instructions.—Absence of Evidence from Record.—Reversal of Judgment.*—Where the evidence is not in the record, a judgment will not be reversed on account of instructions given, if, upon any supposable state of facts relevant to the issue, the instructions might have been correct.

From the Wells Circuit Court.

*J. B. Kenner* and *J. J. Dille,* for appellant.

*B. F. Ibach, A. N. Martin* and *E. C. Vaughn,* for appellee.

MILLER, J.—The appellee brought this action against the appellant to recover damages on account of the death of one John Sharp, who, it was alleged, lost his life by reason of the negligence of the county in not placing barriers along the approach to a county bridge.

The complaint was in two paragraphs, to each of which demurrers were overruled.

So much of the first paragraph as states the cause of the injury is as follows:

"That the death of John Sharp was caused by the carelessness and negligence of the defendant in not keeping in proper repair, and not putting up proper barricades at the approach or embankment at the south end of the bridge across the Salamonie river, at a point where it was the duty of the defendant to maintain, and keep in repair, a bridge at the town of Warren, Huntington county, and State of Indiana, aforesaid, owing to said

want of barricades, the said John Sharp, without any fault or negligence on his part, in attempting to drive upon said embankment and across said bridge, and without any carelessness, negligence, or fault on his part, one of the horses fell, owing to the carelessness of the defendant in allowing a steep and abrupt ascent from the embankment to the bridge, causing a sudden jolt when the wheels struck the bridge, and the wagon, being heavily laden, ran backwards and down the embankment, thereby mangling and crushing said John Sharp, and thereby causing his death."

The second paragraph of complaint states that the injury was caused under the following circumstances:

"That at the south end of said bridge defendant filled in and threw up a large embankment as a part of said bridge as an approach thereto, about eighteen feet wide, and on each side of which there is a steep descent averaging a depth of about twenty feet. That said embankment was not properly guarded by any barricade whatever, and that upon said day the deceased, for the purpose of conveying a load of logs across said bridge, carefully and without any negligence, carelessness or fault on his part, did drive upon said embankment, when, accidentally, and without any fault, carelessness, or negligence on his part, one of the horses attached to said wagon fell, and owing to the steep grade, said wagon ran backwards, he, the said Sharp, sitting upon the load and striving to save his wagon from running over the embankment, but being unable to do so on account of the embankment not having any barricades whatever. That owing to the carelessness and negligence of the defendant in not properly barricading and protecting said approaches, and without any fault or negligence on his part, said horses, wagon, and load ran down and over the embankment, and fell upon said Sharp, and caused his

death, all owing to the carelessness and negligence of the defendant, and without fault, carelessness, or negligence on the part of the deceased."

The action was brought by filing a claim in the auditor's office against "The County of Huntington," and not as it should have been, against "The Board of Commissioners of Huntington County." ·Counsel for the appellant insist that there being no such corporation as the County of Huntington, the demurrer to the complaint should have been sustained.

The defendant, having been sued by a wrong name, plead to the action by its true name, without pleading the misnomer in abatement, and thereby waived the defect. *Gilbert* v. *Nantucket Bank*, 5 Mass. 97

The difference between the true name of the defendant and. that by which it was sued, was not such as to raise any doubt of the identity of the corporation against which a cause of action was stated; nor was the defendant prevented from making a defense to the action. The case of *Jackson Tp.* v. *Barnes*, 55 Ind. 136, is not in conflict with this position, for there the suit was brought against another and different corporation for a debt for which it was not liable.

It is well settled that a complaint charging negligence will be sufficient to withstand a demurrer if the acts which caused the injury are alleged to have been negligently or carelessly done, without stating the specific facts constituting the negligence. *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551; *Deller* v. *Hofferberth,* 127 Ind. 414.

The charges of negligence contained in the first paragraph of complaint are two-fold; one in allowing a steep and abrupt ascent from the embankment to the bridge; the other in not putting up proper barricades at the approach or embankment at the south end of the bridge.

We can not determine from the statements contained in the pleading that the ascent from the embankment to the bridge may not have been so abrupt and of such a height as to be, when situate upon the top of an embankment, dangerous to travelers, the maintenance of which was of itself actionable negligence.

The pleading charges that it was negligently maintained, and we find nothing in the context to counteract the force of that averment.

If such was the nature of the structure, the injury to the deceased seems to have been the natural and proximate consequence of the defect, such as a person of ordinary care and prudence might have foreseen as likely to happen. The absence of barriers along the embankment or approach to the bridge, even if the defendant was under no obligation to maintain them, can not be treated as an intervening, independent agency, operating between the wrong and the injury. 16 Am. and Eng. Encyc. of Law, 440, 444.

We are also of the opinion that the pleading sufficiently charges the defendant with negligence in failing to put up and keep in repair barricades at that portion of the approach of the bridge where the injury occurred.

The approaches to a bridge are a part of the bridge, which it is the duty of a county to keep in repair as a part of the structure itself. *Driftwood, etc., Turnpike Co.* v. *Board, etc.,* 72 Ind. 226; *State, ex rel.,* v. *Demaree,* 80 Ind. 519; *Board, etc.,* v. *Deprez,* 87 Ind. 509; Elliott Roads and Streets, 24.

The determination of the question of how much of an embankment constitutes an approach so as to be a part of a bridge is for the jury. *Moreland* v. *Mitchell County,* 40 Iowa, 394; *Nims* v. *Boone County,* 66 Iowa, 272; *Tolland* v. *Town of Wellington,* 26 Conn. 578.

In *Board, etc.,* v. *Deprez, supra,* it was held that "Where

railings are needed to make a bridge reasonably safe for travel by those who exercise ordinary care, the corporation in charge of the bridge is guilty of actionable negligence if it fails to use ordinary care and diligence to supply them. Whether such railings are needed is usually a question of fact for the jury; but when, without them, the bridge would be unsafe, the corporation must use ordinary care to supply and place them in proper position.''

We are of the opinion that the averments contained in each paragraph of complaint are sufficient to show actionable negligence on the part of the appellant.

The defendants answered the complaint by a general denial, and by two affirmative paragraphs, to each of which demurrers were sustained.

The second paragraph alleges that the place where the decedent was injured was upon a public highway, not a free gravel road, nor upon any bridge or culvert upon any highway in the county.

The third paragraph contains substantially the same allegations and states, in addition, that before the deceased and his team had reached the bridge, or any part thereof, one of his horses ''balked'' or refused to pull, and the wagon backed over the side of the highway and was overturned and the injury took place.

All the evidence that could have been adduced on the trial in support of these pleadings was admissible under the general denial, and, therefore, the appellant was not harmed by these rulings. Elliott's App. Proced., section 637, and cases cited.

The other errors assigned, except such as arise in giving or refusing instructions, are dependent upon two bills of exceptions, and we are met with the contention by the appellees that the record fails to show that either of them was ever filed in the office of the clerk of the

circuit court, and that they are, therefore, not properly in the record.

There is no statement, mark or recital in the record that we have been able to find indicating that bill of exceptions No. 1 was ever filed in the clerk's office, except the presence of the bill as copied in the record.

We find on the page preceding what purports to be the longhand manuscript of the shorthand report of the evidence, an endorsement by the circuit judge showing that the bill was presented to him for signature on the 15th day of February, 1890. Upon the same page, the word "Evidence" is written and followed by a stamped endorsement, as follows: "Filed Feb. 15, 1890, J. H. Ormsby." Upon the same page, under the words "Bill of exceptions," is a similar stamp mark dated March 13, 1890. No order-book or other entry is found in the transcript, with reference to this bill of exceptions.

The law relating to the filing of bills of exceptions is stated in Elliott's App. Proced. as follows:

"§ 805. *Filing After Term.*—A bill of exceptions, although signed, is not part of the record until it is filed. A record entry must be made showing its filing and the date. It has been held in many cases that the filing must be shown by an independent record entry and that it can not be shown by a recital in the bill. But it seems clear under our present statute that if the bill is presented to the judge in due season the bill is effective, although not signed or filed until after the expiration of the prescribed time. This is so for the reason that when so presented it becomes the duty of the judge to sign and file it. The bill can not, however, be part of the record until it is filed."

A large number of cases are cited in support of the text, among others, *Loy* v. *Loy*, 90 Ind. 404; *Hessian* v. *State*, 116 Ind. 58; *Guirl* v. *Gillett*, 124 Ind. 501.

The file mark of the clerk, if it was such, and, if it was anything more than a mere office memoranda, was an original entry, and should come to us not as an original entry, but should have been copied into the transcript and properly authenticated. Elliott's App. Proced., section 189. *Shewalter* v. *Bergman*, 123 Ind. 155.

The only safe method of showing the filing of a bill of exceptions is to have an order-book entry of the filing, which would be incorporated in the record as other entries. If the clerk fails to make such entry at the proper time, the omission can be rectified. *Guirl* v. *Gillett, supra.*

We are forced to the conclusion that the bills of exceptions are not properly in the transcript.

A number of exceptions were taken to the ruling of the court in giving and refusing instructions.

We can not, where the evidence is not in the record, reverse a judgment on account of instructions given, if, upon any supposable state of facts relevant to the issue, the instructions might have been correct. *Stevens* v. *Stevens*, 127 Ind. 560; *Shewalter* v. *Bergman, supra; Mercer* v. *Corbin*, 117 Ind. 450; *Elkhart Mutual, etc., Ass'n* v. *Houghton*, 103 Ind. 286; *Weir Plow Co.* v. *Walmsley*, 110 Ind. 242; *Cincinnati, etc., R. R. Co.* v. *Clifford*, 113 Ind. 460; *Kernodle* v. *Gibson*, 114 Ind. 451; *McClure* v. *State*, 116 Ind. 169.

We have examined the instructions given and refused, and have arrived at the conclusion that under the rule applicable to appeals where the evidence is not in the record, we can not reverse the judgment on account of the instructions.

We do not deem it necessary to extend this opinion in order to discuss them in detail.

We find no available error in the record.

Judgment affirmed.

Filed June 17, 1892; petition for a rehearing overruled Dec. 15, 1892.