Filed April 18, 1894.

———————◆———————

No. 1,309.

## THE CITY OF FORT WAYNE v. DURYEE.

NOTICE.—*Sufficiency of Complaint as to.—City.—Defective Street.*—In an action against a city for injuries received from a defect in a street the complaint averred that the excavation was in existence on the 10th day of November, 1890, and that the injury was sustained on the 14th of the same month. Such allegations are sufficient to impute knowledge to the city.

APPELLATE COURT PRACTICE.—*Judgment.—Sufficiency of Evidence.*—A judgment will not be disturbed on the evidence, where it is conflicting, but finds every fact necessary to support the judgment.

EVIDENCE.—*Personal Injury.—Character and Extent of Injury.—Within Issues.*—In an action for personal injuries, wherein it is alleged that plaintiff was greatly injured in his limbs and abdomen, as well as shocking his nervous system, etc., it was not error to permit plaintiff to testify in his own behalf, that since his injury he had a weakness in his back, and a pain in his back similar to pains suffered by him for several years prior to the injury, which pains, since the injury, were much aggravated in character and extent, requiring the almost constant use of porous plasters.

VERDICT.—*Defective.—How Corrected.*—A defective verdict may be corrected at any time before the jury is discharged, and the proper method of correcting such a verdict is to require the jury to return to their room under proper instructions from the court as to the correction which ought to be made.

From the Allen Superior Court.

*W. H. Shambaugh* and *S. R. Alden*, for appellant.

*H. Colerick* and *J. E. K. France*, for appellee.

LOTZ, J.—The appellee brought this action against the appellant, to recover damages for injuries alleged to have

been sustained by him in falling into a ditch or excavation in that part of a street between the sidewalk and the curb.

The cause was tried by a jury, and resulted in a special verdict and judgment for appellee.

The first error assigned in this court is the overruling of the demurrer to the complaint. The only objection made to the complaint is that it does not appear that the appellant had notice or knowledge of the existence of the excavation.

It is averred that the excavation was in existence on the 10th day of November, 1890, and that the injury was sustained on the 14th of the same month. The ditch is alleged to have been three and one-half to four feet in length and two feet wide and three feet deep. This is sufficient to impute knowledge to the city. *Town of Monticello* v. *Kennard*, 7 Ind. App. 135.

The next error assigned is the overruling of the motion for a new trial.

The appellant insists that there are many undisputed facts which the jury did not find, and that there are some statement of facts in the special verdict not supported by the evidence.

After a careful examination of the evidence, we find it conflicting on such questions, and, as the verdict finds every fact necessary to support the judgment, we can not disturb it on the evidence.

On the trial of the cause, the appellant offered to prove that prior to the accident the city had narrowed the roadway of the street, and that the spaces on either side, formerly a part of said roadway, between the curb-stone and brick sidewalk, had been beautified and improved and ornamented by the property owners; that the police force of said city had, at various times, taken persons

in charge and threatened them with arrest for defacing such spaces.

This evidence was excluded. This ruling is assigned as a cause for a new trial. There was no error in excluding this evidence, for that there was an excavation of some kind sometime before the accident, was an undisputed fact.

It is next insisted that the court erred in permitting the appellee to testify in his own behalf that since his injury he had a weakness in his back, and a pain in his back similar to pains suffered by him for several years prior to the injury, and that such pains, since the injury, were much aggravated in character and extent, requiring the almost constant use of porous plasters. It is contended that this proof is beyond the averments of the complaint. It is averred that the appellee was greatly injured in "his limbs and abdomen, as well as shocking his nervous system; that he suffered great bodily and mental pain and agony;  *  *  *  that he is permanently injured in one limb, so as to seriously interfere with his gaining his livelihood, as well as subjecting him to the continual pain from said injured limb." The averments of injury to his limbs and abdomen and shock to his nervous system are sufficiently broad to admit the evidence of which complaint is made.

After the cause had been given to the jury for deliberation on their verdict, they returned into court a special verdict, and concluded the same in these words: "We, the jury, find for the plaintiff, and find the facts as above stated, according to the evidence, and assess his damages at $900.        THOMAS GREER, Foreman."

Said verdict was read to the jury by the court, and the court then asked of the foreman, and each juror separately, whether the same, as read, was his verdict, as the same should be entered of record, and said jurors having

each replied in the affirmative that it was, and the court then noted said verdict on his docket; and thereupon discovering that a general verdict was rendered, the court, of its own motion, and over defendant's objection, directed said jury to return to their room, in charge of the officer, and again deliberate on their verdict, and charged them as follows:

"Gentlemen, it is your duty to find the facts in this case, and the court will, upon the facts you find, determine the rights of the parties and the law in the case."

Whereupon the foreman arose and asked the court this question: "Would it have been right if we had signed it as it was?" And the court thereupon responded: "Yes."

The jury then retired, and shortly returned the special verdict found in the record.

There was no error in this action of the court. A defective verdict may be amended at any time before the jury is discharged. The proper method of correcting a defective verdict is to require the jury to return to their room under proper instructions from the court as to the correction which ought to be made. *Pehlman* v. *State*, 115 Ind. 131, and cases there cited.

We find no error in the record.

Judgment affirmed, at the costs of appellant.

Filed April 25, 1894.