No. 17,522.

UEKER, ADMX., *v.* THE BEDFORD BLUE STONE CO.

BILL OF EXCEPTIONS.—*Filing.*—*Record.*—A bill of exceptions will not be considered as part of the record where the transcript does not show that it was ever filed in the office of the clerk of the trial court.

APPELLATE PROCEDURE.—*Court Directing Verdict.*—*Evidence Not in Record.*—A direction of a verdict for defendant will be presumed, on appeal, to have been justified by the evidence, where the evidence is not properly in the record.

From the Lawrence Circuit Court.

*N. F. Crooke, J. R. East* and *R. G. Miller,* for appellant.

*J. H. Willard* and *W. H. Martin,* for appellee.

McCABE, J.—The appellant sued the appellee to recover damages sustained by the widow and children of her intestate August Ueker, through the alleged negligence of the appellee in causing his death. There was a trial of the issues joined, by a jury. After the close of the evidence, the court instructed the jury to return a verdict for the defendant, which they accordingly did. The court overruled the plaintiff's motion for a new trial and rendered judgment on the verdict for the defendant. The only error assigned is upon that ruling. Among the reasons assigned in the motion for a new trial, and the only one insisted on in the appellant's brief, is that the trial court erred in directing the jury to return a verdict for the defendant. The ground of this contention is that the evidence was of such a character that it was not subject to a demurrer, and that it was sufficient to have warranted the jury in finding a verdict for the plaintiff. That involves the necessity

of an examination of the evidence. We are at this point met with the contention from the appellee that the evidence is not in the record, and hence the question sought to be raised is not presented thereby for our consideration. There is in the transcript what purports to be a bill of exceptions incorporating therein what purports to be a long hand manuscript of the evidence.

But the transcript nowhere shows that such bill of exception was ever filed in the office of the clerk of the trial court. Without such a showing, such supposed bill of exceptions is not and cannot be regarded as a part of the record. *Loy* v. *Loy*, 90 Ind. 404; *Stewart* v. *State*, 113 Ind. 505; *Guirl* v. *Gillett*, 124 Ind. 501; *Shewalter* v. *Bergman*, 132 Ind. 556; *Board, etc.*, v. *Huffman*, 134 Ind. 1; *Downey* v. *Head*, 138 Ind. 503; *Pittsburgh, etc., R. W. Co.* v. *O'Brien*, 142 Ind. 218; *Armstrong* v. *Dunn*, 41 N. E. 540; *Ayres* v. *Armstrong*, 142 Ind. 263; *Drake* v. *State*, 41 N. E. R. 799; *Wenning* v. *Teeple*, 41 N. E. R. 600.

The presumption is that the trial court was justified by the evidence in directing a verdict for the defendant, until the contrary is made affirmatively to appear by the record. Therefore the judgment is affirmed.

Filed December 11, 1895.