## THE McCORMICK HARVESTING MACHINE COMPANY *v.* SMITH.

### [No. 2,759.   Filed February 21, 1899.]

APPEAL AND ERROR.—*Waiver.*—An assignment of error which is not discussed is deemed waived.  *p, 618.*

SAME.—*Assignment of Errors.—Instructions.*—No question is presented on an assignment that the court erred in giving certain instructions; such question is presented by motion for new trial. *p. 618.*

SAME.—*Joint Assignment of Errors.*—A joint assignment of error will fail unless good as to all of the errors therein assigned. *p. 618.*

SAME.—*Instructions.—When Evidence not in Record.*—Instructions given by the court cannot be regarded as erroneous on appeal if they can be considered correct on any evidence admissible under the issues, where the evidence is not in the record. *p. 619.*

SAME.—*Record.—Bill of Exceptions.*—A bill of exceptions, although signed by the trial judge, cannot be considered on appeal, unless it affirmatively appears from the record that it was filed after being so signed; an order book entry or certificate of the clerk showing that it was filed is necessary. *p. 619.*

SAME.—*Record.—Bill of Exceptions.*—Where the bill of exceptions is not incorporated in the transcript, but is attached thereto after the clerk's certificate and the assignment of errors, and it is not certified nor identified as the bill of exceptions, it cannot be considered as part of the record on appeal. *pp. 619, 620.*

From the Newton Circuit Court.  *Affirmed.*

*Cummings & Darroch,* for appellant.

*Saunderson & Cunningham,* for appellee.

HENLEY, J.—This is an action commenced by the appellant against the appellee to recover damage for an alleged breach of contract of purchase by appellee of appellant of one McCormick Harvester Binder. The contract of purchase was in writing.  The complaint is in two paragraphs.  Appellee filed five paragraphs of answer, the first being a general denial.  Appellant

demurred to the second, third, fourth, and fifth para-graphs of answer, which demurrer the court over-ruled, and appellant replied in general denial. The cause, being at issue, was submitted to a jury for trial, which resulted in a verdict in favor of appellee. Appellant moved for a new trial, which was refused. The appellant has assigned errors to this court as follows: (1) That the court erred in overruling appellant's demurrer to the second, third, fourth, and fifth paragraphs of answer; (2) the court erred in giving to the jury, on its own motion, instructions numbered four, five, six, and seven, over the objections of appellant; (3) the court erred in overruling appellant's motion for a new trial.

The first specification of the assignment of errors is not discussed by appellant's counsel, and any question raised thereon, under the often stated rule of this court, is waived. No question is presented by the second specification of the assignment of errors. Questions involving the giving and refusal to give instructions to a jury are raised by the motion for a new trial, and whatever question appellant attempts to raise by its second specification of the assignment of errors is raised by the third specification. The motion for a new trial assigns as one of its reasons that "the court erred in giving instructions numbered three, four, five, six, and seven, on its own motion, and excepted to at the time by the plaintiff." When the objection or ex-ception taken by the appellant in the lower court, or its assignment of errors in this court, is joint as to more than one ruling or act of the lower court, it will fail, unless valid as to all of such acts or rulings. *Saunders, Treas.*, v. *Montgomery*, 143 Ind. 185; *Pennsylvania Co.* v. *Sears*, 136 Ind. 460; *Black* v. *Thompson*, 136 Ind. 611; *Noe* v. *Roll*, 134 Ind. 115; *Lawrence* v. *Van Buskirk*, 140 Ind. 481; *Cargar* v. *Fee*,

140 Ind. 572; *Eddingfield* v. *State, ex rel.*, 12 Ind. App. 312; *McCullough, Adm.*, v. *Martin*, 12 Ind. App. 165; *Bank* v. *Cooper*, 19 Ind. App. 13; *Superior Oil Co.* v. *Whiteman*, 19 Ind. App. 149; Elliott's App. Proc., section 793.

There can be no doubt but that the court stated the law correctly in its instruction to the jury numbered seven, of which appellant has complained. The instruction is not only correct as an abstract statement of law, but the error, if any, would not be available for another reason: The evidence not being in the record, instructions given by the court cannot be regarded as erroneous, if they can be considered correct on any state of facts admissible under the issues. *Hilker, Adm.*, v. *Kelley*, 130 Ind. 356; *Joseph* v. *Mather*, 110 Ind. 114.

From an examination of the record in this case, we find that the bill of exceptions is not properly a part of the record. A bill of exceptions, although signed by the trial judge, as it is in this instance, cannot be considered on appeal, unless it affirmatively appears from the record that it was filed after being so signed. An order-book entry showing that it was filed after being so signed, or the certificate of the clerk of the trial court showing such filing, is necessary. *Mills* v. *Byram*, 16 Ind. App. 698; *DeHart* v. *Board, etc.*, 143 Ind. 363; *Peerless Stone Co.* v. *Wray*, 143 Ind. 574; *Shewalter* v. *Bergman*, 132 Ind. 556; *Board, etc.*, v. *Huffman, Adm.*, 134 Ind. 1; *Salem-Bedford Stone Co.* v. *Hobbs, Adm.*, 144 Ind. 146; *Lowry* v. *Downey*, 150 Ind. 364; *Gifford* v. *Hess*, 15 Ind. App. 450; *Kelso* v. *Kelso*, 16 Ind. App. 615; Acts 1897, p. 244.

But the bill of exceptions containing the evidence is not in the record for other reasons. What purports to be a bill of exceptions in this case is not incorporated

into the transcript, but is attached to the transcript after the clerk's certificate and after the assignment of errors, and it is not certified to be, nor identified as, the bill of exceptions by the clerk of the trial court. Either of these reasons has been held sufficient by our Supreme Court to prevent it being considered a part of the record. *DeHart* v. *Board, etc., supra.* No question is therefore presented by that specification of the assignment of errors that the court erred in overruling the motion for a new trial. The following language used by Jordan J., in pronouncing the opinion of the court in the case of *Watson* v. *Finch,* 150 Ind. 183, seems particularly appropriate here. The court in that case said: "All appeals in this court are tried by the record. It is the only legitimate evidence to establish the ruling of the trial court upon which alleged errors are based. In the absence of the transcript being authenticated, as required by the statute, it cannot be considered or treated as a copy of the original record, and therefore cannot be received or used as evidence to sustain appellant's complaint, and the appeal must fail. In *Miller* v. *Evansville, etc., R. Co.,* 143 Ind. 570, on page 573, it is said: 'The duty rests upon parties or their counsel, in appeals to this court, to carefully examine the transcript and ascertain if the clerk has properly and correctly prepared the same, and, when necessary, to take timely steps to correct errors therein, and to obtain amendments thereto; and if they suffer judgment to be rendered upon a defective record, the fault must rest upon them.'"

On account of the condition of the record in this case, and on account of the assignment of errors, questions which appellant seeks to present cannot be passed upon. The judgment is therefore affirmed.