FEDERAL UNION SURETY COMPANY ET AL. v. SCHLOSSER.

[No. 9,131.   Filed January 26, 1917.   Rehearing denied June 26, 1917.   Transfer denied December 13, 1917.]

1. APPEAL.—Briefs.—Waiver of Error.—An assignment of error not presented in appellant's brief is waived. p. 201.

2. APPEAL.—Record.—Bill of Exceptions.—Evidence.—Statute.— That the bill of exceptions containing the evidence was filed either in open court or in the clerk's office, as required by §657 Burns 1914, Acts 1897 p. 244, must be shown before the evidence will be considered a part of the record. p. 202.

3. APPEAL.—Record.—Bill of Exceptions.—Filing.—How Shown.— The filing of the bill of exceptions may be shown either by an order-book entry or by the certificate of the clerk to the transcript. p. 202.

4. APPEAL.—Record.—Bill of Exceptions.—Filing.—Clerk's Certificate.—Sufficiency.—An amended clerk's certificate to ' the transcript certifying that the original bill of exceptions containing the evidence was filed in the clerk's office on or about a certain day, after it had been signed by the trial judge, but containing the further recital that such statements were made on information and belief and that he had no memorandum of the filing in his office nor any independent recollection thereof, does not furnish a sufficient showing that the bill was filed, since the clerk must, in order to certify as to the filing of a bill of exceptions, have a proper knowledge of the facts, and, while an order-book entry is not imperative, since such fact may be shown by the clerk's certificate, such an entry is the better practice.   p. 202.

5. TRIAL.—Issues.—Verdict.—Defective.—In an action for breach of

a contract between plaintiff and the individual defendant for the construction of a dwelling house, and on a bond executed by such defendant, as principal, and by a bonding company, as surety, to secure the performance of the contract, a verdict for plaintiff against the surety, but silent as to principal defendant, was either incomplete, and therefore defective, because it did not make any finding as to the individual defendant, or it was a nullity, because contradictory, if silence as to such defendant is to be deemed a finding in his favor, and no valid judgment could be rendered thereon. p. 205.

6.   TRIAL.—*Issues.—Defective Verdict.—Amendment.*—Where a verdict does not respond to all the issues submitted, the trial court may require the jury to retire to their room under proper instructions for further deliberation, since a defective verdict may be amended at any time before the discharge of the jury. p. 208.

7.   APPEAL.—*Record.—Bill of Exceptions.—Filing.—Clerk's Certificate.—Sufficiency.*—Where the clerk's certificate to the transcript showed that a bill of exceptions containing the evidence was filed, but also contained a recital that such statement was made on information and belief and that the clerk had no memorandum of the filing nor any independent recollection thereof, such recital must be regarded as an integral part of the certificate, the effect of which is to destroy the effectiveness of the statement that the bill was filed. p. 209.

8.   APPEAL.—*Record.—Bill of Exceptions.—Filing.—Clerk's Certificate.—Conclusiveness.*—Where the clerk's certificate to the transcript insufficiently showed the filing of the bill of exceptions, a page within the bill bearing a file mark in the handwriting of the clerk cannot be accepted to supersede, contradict or supplement the clerk's certificate, as the filing of a bill of exceptions cannot be shown on appeal by the file mark of the clerk. p. 209.

9.   APPEAL.—*Record.—Bill of Exceptions.—Filing.—How Shown.*—The certification of the trial judge with reference to signing, sealing and making a bill of exceptions a part of the record cannot supply the omission of the clerk's certificate to the transcript to sufficiently show the filing of the bill. p. 210.

10.·  APPEAL.—*Record.—Transcript.—Requisites.*—The identity of a transcript on appeal is as essential as its verity, and the absence of proof of either is fatal. p. 211.

11.  APPEAL.—*Rehearing.—New Points.*—A rehearing cannot be granted on a point not made or referred to in the original briefs. p. 211.

From Marshall Circuit Court; *Harry Bernetha,* Judge.

Action by Samuel Schlosser against the Federal Union Surety Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Henley & Baker, E. C. Martindale* and *Henley, Fenton & Joseph,* for appellants.

*Harley A. Logan,* for appellee.

BATMAN, J.—This was an action brought by appellee against appellants for the breach of a contract between appellee and appellant Wallace for the construction of a dwelling house, and on a bond executed by appellant Wallace, as principal, and appellant company, as surety, given to secure the performance of such contract. The complaint is in one paragraph, on which issues were duly joined. A trial was had by a jury, which returned a verdict against appellants for the sum of $2,200, on which judgment was rendered. Appellants filed their motion for a new trial, which was overruled, and the proper exception reserved. Appellant Federal Union Surety Company, hereafter designated as the company, appealed and assigned errors as follows: (1) that the court erred in sustaining appellee Schlosser's demurrer to the amended third paragraph of appellant Federal Union Surety Company's answer; (2) that the court erred in overruling appellant Federal Union Surety Company's motion for a new trial. Appellant Wallace not having assigned errors presents no question to this court for consideration.

Appellant company not only impliedly waives its first assignment of error by failing to present the same in its brief, but expressly does so by a

1. statement under the head "Proposition," which leaves the action of the court in over-

ruling the motion for a new trial as the only
2.    error for the consideration of this court.
Appellee contends that the evidence is not in
the record, as there is no proper showing that the
bill of exceptions containing the evidence was filed,
either in open court or in the clerk's office, as required
by §657 Burns 1914, Acts 1897 p. 244. Such fact must
be shown before the evidence will be considered a part
of the record. *Elrod* v. *Purlee* (1905), 165 Ind. 239,
73 N. E. 589, 74 N. E. 1085; *McCormick Harvester
Co.* v. *Smith* (1898), 21 Ind. App. 617, 52 N. E. 1000.
It has been repeatedly held that the filing of the
bill of exceptions may be shown either by an order-
book entry or by the certificate of the clerk to
3.    the transcript. *McCormick Harvester Co.* v.
*Smith, supra; Ladoga Can. Co.* v. *Corydon
Can. Co.* (1912), 52 Ind. App. 23, 98 N. E. 849.
4.    Appellants have not pointed out any order-
book entry showing such filing, and we there-
fore assume that there is none. The question then
arises, Is such filing shown in any other recognized
manner? Appellants evidently rely on the clerk's
certificate to the transcript to show such fact. We
find two certificates by the clerk: one, evidently the
original certificate, bearing date of July 31, 1914; and
another, bearing date of November 3, 1915, purport-
ing to be an amended certificate made in pursuance
of an order of this court of October 28, 1915. The
first of said certificates clearly does not show the
filing of such bill of exceptions as the statute requires;
and the second likewise fails to make a sufficient
showing in that regard. In view of the presence of
the second certificate, we assume that appellants do
not contend that the first certificate makes a sufficient
showing as to the filing of such bill of exceptions.

We expressly hold that it does not, and now direct our attention to the contents of the second certificate dated November 3, 1915. We find that this certificate contains the following recital as to the filing of such bill of exceptions: "And I do hereby further certify that said original bill of exceptions containing the evidence in said cause was filed in my office on or about the third day of September, 1914, and after the same was signed on the 3rd day of September, 1914, by the Judge who tried said cause, as I am informed and believe through such information; but there is no memoranda of the filing in my office nor have I any independent recollection thereof." It will be observed that the clerk making the certificate expressly states in substance that there is no memorandum of such filing in his office; that he has no independent recollection of such filing being made; and that he makes the statements he does with reference thereto solely on belief based on such information. We cannot hold that such a certificate is a sufficient showing as to the filing of such bill of exceptions. A legal writer has defined a certificate to be: "A writing by which an officer or other person bears testimony that a fact has or has not taken place; a written testimony of the truth of any fact." 6 Cyc 728. The evident purpose of requiring a certificate in this connection is to furnish the court satisfactory proof of the verity of the record entries, and the identity of the bill of exceptions in such transcript, and of the facts recited in the certificate itself.

The identity of the whole record depends upon the certificate of the clerk on appeal. Can it be said that such an important matter, upon which the rights of litigants depend, can be based on mere hearsay evidence, as recited in the certificate under considera-

tion? Such evidence could not be received in the trial court to establish any fact, and certainly ought not be received in this court to establish either the identity or the verity of the record or any steps taken in perfecting the appeal. To do so would in effect allow a clerk who confessedly has no recollection in the matter and no memorandum in his office by which to refresh his recollection to hold a sort of court of inquiry, hear such evidence as he may desire, in the absence of one or both of the parties in interest, and then certify to such conclusion as he might be able to reach from such investigation. The mere mention of such proceeding is sufficient to condemn it, and yet the certificate in question would permit it, and keep within the truth of the statement made. In order for the clerk to certify, he must have a proper knowledge of the facts, and while an order-book entry is not imperative, since such fact may be shown by the clerk's certificate, still such an entry would guard against any lapse of memory and possible dispute as to the facts, and is no doubt the better practice.

The lack of knowledge on the part of the clerk as to the filing of such bill of exceptions may have appeared in the proceeding to obtain the writ of *certiorari,* in pursuance of which the second or amended certificate was filed, but in granting such writ this court did not assume to pass upon the sufficiency of such knowledge, but sought only to give appellants every reasonable opportunity to bring all appropriate matter into the record, so that the appeal might be determined on its merits, if possible. We therefore conclude that the evidence is not in the record, and any questions depending on it for determination cannot be considered.

The objection made by appellee that the transcript

of the clerk is not in the record has been met by an amendment, subsequently made under authority of this court, and need not now be considered.

The only question remaining for our consideration is the action of the court in refusing to receive the first verdict returned by the jury, in giving instruction No. 15 on its own motion, causing the jury to retire for further deliberation, and receiving the second verdict. It appears that the jury on its retirement, after having been originally instructed, was furnished three forms of verdict, among them being one reading as follows: "We, the jury in the above cause, find for the plaintiff, Schlosser, against the defendant, Wallace, and assess plaintiff's damages against said Wallace at.........Dollars, and we further find for the plaintiff against the defendant, The Federal Union Surety Company, and assess plaintiff's damages against said defendant at............Dollars."

The jury in making its first verdict evidently used the above form, after striking out certain parts thereof, and filling in the blank space with the words "Twenty Two Hundred," so that such first verdict when returned read as follows: "We, the jury in the above cause, find for the plaintiff, Schlosser, and we further find against the defendant, The Federal Union Surety Company, and assess his damages at Twenty Two Hundred Dollars." The court refused to receive such verdict, and after giving to the jury said instruction No. 15 directed it to retire for further deliberation. The jury afterwards returned the following verdict on which judgment was rendered, to wit: "We, the jury in the above cause, find for the plaintiff, Schlosser, against defendant, William L. Wallace, and assess plaintiff's damages at Twenty

Two Hundred Dollars, and we further find against the defendant, The Federal Union Surety Company, as Surety in the sum of Twenty Two Hundred Dollars.''

Appellant company contends in effect that said first verdict was a finding upon all the issues; that inasmuch as the verdict was silent as to appellant Wallace, it was an implied finding in his favor; that since it was sued as surety on a bond executed by its coappellant to secure the performance of a building contract, there could be no liability on its part without default by the principal in such bond; and since the verdict in effect found there was no such default, it would have been entitled to judgment, if such verdict had been received, and its rejection, therefore, was harmful error.

We cannot concur in appellant's conclusion. A number of authorities from other states are cited in its support; but, whatever may be the rule in other jurisdictions, it has been expressly decided otherwise in this state, in the case of *Childress, Admx.,* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, based, as we believe, on the greater weight of authority and the better reason. In that case appellant brought suit against appellee and its engineer, Patrick Haggerty, for damages for the death of her decedent by the negligence of the defendants in failing to give a signal on approaching a certain crossing. On the trial of the cause the jury returned the following verdict: ''We, the jury, find for the plaintiff, and against the defendant, the Lake Erie and Western Railroad Company, and assess her damages at $6,000.00. And find for the defendant, Patrick Haggerty.'' This verdict, and the first verdict in the case at bar, as appellant would construe it, by reading into it the implied finding in favor of Wallace, are in sub-

stance identical, and the ultimate holding in that case is controlling here. This court, on appeal of the Childress case, *supra,* held in accordance with appellant's contention in this case (101 N. E. 332), but the Supreme Court granted a petition to transfer the cause and reversed the judgment of this and the trial court.

In that case the facts were such that the railroad company could only be liable if its engineer was liable, and in this case the facts are such that the appellant company can only be liable if the appellant Wallace is liable. The same question is therefore involved. In the Childress case, *supra,* the Supreme Court in the course of its opinion said: ''By this verdict the jury found in effect that appellee company was liable in damages because the statutory signals were not given, while Haggerty, the engineer, was not liable because the proper signals were given. No other construction is possible under the averments of appellant's complaint since it does not charge that it was the duty of any servant of appellee company, other than Haggerty, to give said signals, or that said company violated through any other servant the duty placed on it by the statute. Such a verdict is contradictory and absurd, and cannot be made the basis of a legal judgment. * * * As the case at bar comes to us the general verdict is a nullity and without effect, while there is no special verdict unless the answers to interrogatories may be so construed. * * * Since the trial court had before it neither a general nor a special verdict of the jury on the issues of fact presented for its determination, any judgment covering such issues which the court might render would be wholly unauthorized by law and invalid.''

The fact that the case cited involves the question of

master and servant, while this case involves the question of principal and surety, is not material, since it is held that the same principle applies where the relation of the two parties involved is analagous to that of principal and agent, or principal and surety, or master and servant. *Doremus* v. *Root,* 54 L. R. A. 649, note; *Portland Gold Min. Co.* v. *Stratton's Independence, Ltd.,* 16 L. R. A. (N. S.) 677, note.

The question then arises as to the duty of the trial court on the return of said first verdict. This verdict was either incomplete, and therefore defective, because it did not make any finding as to the appellant Wallace, or it was a nullity, because contradictory, if silence as to him is to be taken as a finding in his favor as contended by appellant company. In either event it is apparent that no valid judgment could be rendered thereon, and, if received, must necessarily result in a retrial. *Maxwell* v. *Wright* (1902), 160 Ind. 515, 67 N. E. 267, and *Childress, Admx.,* v. *Lake Erie, etc., R. Co., supra.* Since the object of a trial is to reach an effective result 6. in accordance with the prescribed procedure, it is clear to us that the trial court was wholly within its right, in requiring the jury to retire for further deliberation under the circumstances shown in this case. It has been frequently held that a defective verdict may be amended at any time before the discharge of the jury; that a proper method is to require the jury to return to their room under proper instructions; and that such procedure by the trial court is proper where the verdict does not respond to all the issues submitted. *City of Fort Wayne* v. *Duryee* (1893), 9 Ind. App. 620, 37 N. E. 299; *City of Fort Wayne* v. *Durnell* (1895), 13 Ind. App. 669, 42

N. E. 242; *Pehlman* v. *State* (1888), 115 Ind. 131, 17 N. E. 270; 22 Ency. Pl. and Pr. 875.

There was no error in the action of the court in giving instruction No. 15 before requiring the jury to retire for further deliberation. We have found no error in the record which authorizes or requires a reversal of the judgment. Judgment affirmed.

## On Petition for Rehearing.

Batman, J.—Appellant Federal Union Surety Company in a petition for a rehearing in this case earnestly contends that the certificate of the clerk of the trial court attached to the transcript on appeal sufficiently shows that the bill of exceptions containing the evidence is in the record. In this contention it is urged that the certificate shows that the bill of exceptions was filed, and that the subsequent recital as to information and belief, and as to the absence of a memorandum or independent recollection of such fact, is surplusage. We do not concur in this. We cannot assume that such recital was inserted in the certificate for an idle purpose, and ignore it. It is an integral part of the certificate, and must be given effect in construing it. When this is done it casts such uncertainty on the fact of the filing of such bill of exceptions as to destroy its effectiveness in that regard, as stated in the original opinion. The court's attention is directed to the fact that a page within the alleged bill of exceptions bears the following file mark in the handwriting of the clerk: "Filed Sept. 3rd, 1914, Ed S. Kitch, Clerk." But this in no way supersedes or supplements the clerk's certificate as to the filing of such bill. It has been repeatedly affirmed by the deci-

sions of this state that the filing of a bill of exceptions cannot be shown on appeal by the file mark of the clerk of the trial court thereon. *Shewalter* v. *Bergman* (1892), 132 Ind. 556, 27 N. E. 159; *Board, etc.* v. *Huffman, Admr.* (1892), 134 Ind. 1, 31 N. E. 570; *Harris* v. *State* (1900), 155 Ind. 15, 56 N. E. 916; *Rector* v. *Druley* (1909), 172 Ind. 332, 88 N. E. 602; *Hoffman* v. *Isler* (1911), 49 Ind. App. 284, 97 N. E. 188. It is urged, however, that such notation shows that the statement of the clerk in his certificate that there is no memorandum of the filing of the bill of exceptions is incorrect. This court cannot accept such unexplained notation as a contradiction of the certificate, but must accept the statements made therein as true. Other notations of the clerk indicate that the longhand manuscript of the evidence was filed in his office on said date, and we could not assume that such notation referred to the filing of the completed bill rather than such manuscript, in order to adjudge a contradiction, even if we were permitted to discredit such certificate by considering attendant notations. It may be noted that the first certificate to the transcript omits any reference to the filing of the bill of exceptions. It is apparent that the principal object of securing the second certificate was to cure such omission, but notwithstanding such fact it is significant that the clerk made only a qualified certification in that regard. We may add that the certification of the trial judge with reference to signing, sealing, and making such bill of exceptions a part of the record cannot supply such omission. *Harris* v. *State, supra; Hoffman* v. *Isler, supra; Bargis* v. *Farrar* (1873), 45 Ind. 41. It is also insisted that the purpose of a clerk's certificate to a transcript is to furnish evidence of its identity rather than its

verity. The Supreme Court has held that the certificate of the clerk gives' verity to the record entries, and the signature of the trial judge to the bill of exceptions gives verity to the statements properly contained therein. *Gray* v. *Singer, Admr.* (1894), 137 Ind. 257, 36 N. E. 209, 1109. But the identity of a transcript on appeal is quite as essential as its verity, and the absence of proof of either is fatal.

Appellant also questions the correctness of the court's opinion on the action of the court below in giving instruction No. 15, after the first verdict was returned into court. It undertakes to distinguish the instant case .from the case of *Childress, Admx.,* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, cited by the court in support of the conclusion it reached. The only matter of material difference suggested by appellant ·is fully covered in the original opinion. But it is now urged in this court for the first time that the instruction itself is radically wrong, in that it did not inform the jury that it could find against defendant Wallace and in favor of the defendant surety company. It has been repeatedly held that a rehearing cannot be granted on a point not made or referred to in the original briefs. *Raley* v. *Evansville Gas, etc., Co.* (1909), 45 Ind. App. 649, 90 N. E. 783, 91 N. E. 571; *Chicago, etc., R. Co.* v. *Coon* (1911), 48 Ind. App. 675, 93 N. E. 561, 95 N. E. 596; *Evansville Furn. Co.* v. *Freeman* (1914), 57 Ind. App. 576, 105 N. E. 258, 107 N. E. 27; *Indiana Power Co.* v. *St. Joseph, etc., Power Co.* (1902), 159 Ind. 42, 63 N. E. 304, 64 N. E. 468; *Indianapolis, etc., R. Co.* v. *Branson* (1909), 172 Ind. 383, 86 N. E. 834, 88 N. E. 594, 19 Ann. Cas. 925. The objection therefore comes too late. However, we have

examined the instructions given on the trial of the cause, including the one in question, and, considering them as a whole, we find that the jury was fully and fairly instructed as to its right to return a verdict against the defendant Wallace without returning a verdict against appellant.

Petition for rehearing overruled.

Note.—Reported in 114 N. E. 875, 116 N. E. 759.