McCaughey v. State.

McCaughey v. The State.

[No. 19,302. Filed January 8, 1901.]

CRIMINAL LAW.—*Abortion—Instructions.*—In a prosecution under §1996 Burns 1894 for causing the miscarriage and death of a pregnant woman, it was not error for the court to instruct the jury that it was immaterial whether the accused was actually present when the woman swallowed the drug, but that it was sufficient if he furnished her the drug at her request, knowing at the time that she wanted it for the purpose of procuring the miscarriage of a child with which she was pregnant, and that she took the same, and miscarried or died in consequence thereof. *pp. 42, 43.*

SAME.—*Instructions.*—It was not error to instruct the jury in a criminal prosecution that if they found all of the material allegations of the indictment had been proved beyond a reasonable doubt to find defendant guilty, where the court properly stated to the jury the material allegations of the indictment which the State was required to establish before a verdict of guilty could be returned. *p. 44.*

APPEAL AND ERROR.—*Evidence.*—The rule that the Supreme Court will not weigh the evidence applies whether the evidence is direct, circumstantial, or both. *p. 44.*

From the Huntington Circuit Court. *Affirmed.*

J. B. Kenner, U. S. Lesh and J. F. France, for appellant.

W. L. Taylor, Attorney-General, Merrill Moores and C. C. Hadley, for State.

MONKS, J.—Appellant was indicted, tried, and convicted of the crime of causing, by means of a drug, the miscarriage and death of one Eliza Dyer, in violation of §1996 Burns 1894, §1923 R. S. 1881 and Horner 1897.

The errors assigned and not waived call in question the action of the court in overruling the motion for a new trial. It is insisted that the court erred in giving instructions four and eight. The objection urged by appellant is that said instructions recognize no distinction between a case where a woman who takes the drug persuaded the defendant to secure it for her, he knowing the purpose, and a case where he obtained it at his own instance, and induced her to take it. Said instructions proceed upon the theory that it is immaterial, under the statute, whether or not the accused is actually present when the woman swallowed the drug, but that it is sufficient if he furnished her the drug at her request, knowing at the time that she wanted it for the purpose of procuring a miscarriage of a child with which she was pregnant, and that she took the same, and miscarries or dies in consequence thereof. Section 1996 Burns 1894, §1923 R. S. 1881 and Horner 1897, so far as applicable here, is as follows: "Whoever prescribes or administers to any pregnant woman, or to any woman whom he supposes to be pregnant, any drug, medicine, or substance whatever, with intent thereby to procure the miscarriage of such woman; * * * shall, if the woman miscarries or dies in consequence thereof, be fined," etc. The word administer in said section does not signify merely the manual administering of the drug, medicine, or substance, but it has a much wider meaning. Among the definitions of said word are the following: "To furnish, to give, to administer medicine, to direct and cause it to be taken." (Webster's Dictionary.) "To supply, furnish, or provide with." (Standard Dictionary.) As used in said section, the word administer was clearly intended to cover the whole ground named, making it an offense to give, furnish, supply, provide with,

or cause to be given, furnished, supplied, or provided with, or taken any such drug, medicine, or substance, with the intent and either result named in said section. And said word embraced and was intended to embrace every mode of giving, furnishing, supplying, providing with, or causing to be taken any such drug, medicine, or substance. This is both the letter and the spirit of the section.

, A penal statute should be construed according to its plain import, to give it life according to its apparent purpose. *State* v. *Moothart* (Iowa), 80 N. W. 301; *La Beau* v. *People,* 34 N. Y. 223, 232, 233; 2 Bishop's Crim. Proc., §645; Bishop's Stat. Crimes, §747. Said section makes it a crime either to prescribe or administer such drug, medicine, or substance, with the intent and result named therein. It is therefore immaterial in this case whether said Eliza Dyer knew of the properties of said drug and the purpose for which it was used, or whether she requested appellant to procure said drug for her, or he furnished it to her without such request, or whether she decided to take it before appellant procured and gave it to her. If appellant knew or supposed she was pregnant, and knew the purpose for which she desired the drug, and furnished it to her, and she, afterwards, when he was not present, took the same, he administered said drug to her within the meaning of said section. The fact that §1997 Burns 1894, §1924 R. S. 1881 and Horner 1897, makes it a misdemeanor for a woman to "solicit of any person any medicine, drug, or substance, or thing whatever, and shall take the same, * * * with intent thereby to procure a miscarriage", does not change or affect the meaning of the word administer used in §1996 (1923) *supra.* Even if Eliza Dyer solicited the drug of appellant and took the same in violation of said §1997 (1924) *supra,* he was no less guilty under §1996 (1923) *supra,* for furnishing the same to her, in violation of the provisions of said last named section. It follows, therefore, that the court did not err in giving said instructions.

What we have said in regard to the meaning of the word administer in said section sustains the action of the court in refusing to give instructions seven and ten requested by appellant. The court instructed the jury that if they found all the material allegations of the indictment had been proved, beyond a reasonable doubt, to find the defendant guilty. Appellant insists that such an instruction is erroneous. The court had, before giving such instructions, properly stated to the jury the materal allegations of the indictment, which the State was required to establish beyond a reasonable doubt, before a verdict of guilty could be returned. The jury were also instructed that they had the right to determine the law. There was no error in giving the instruction complained of. *Reynolds* v. *State,* 147 Ind. 3; *Bridgewater* v. *State,* 153 Ind. 560, and cases cited; *Anderson* v. *State,* 104 Ind. 467.

The exclusion of evidence offered by appellant is complained of as error, but under the well settled rule of appellate practice no such question is presented for our consideration. The procedure in regard to said evidence was the same as in *Shenkenberger* v. *State,* 154 Ind. 630, in which case it was held that no question was presented as to the admissibility of the proposed testimony. See, also, *State, ex rel.,* v. *Cox,* 155 Ind. 593, and cases cited.

After a careful examination of the evidence, we are satisfied that the verdict is neither contrary to the law nor the evidence. The rule that this court will not weigh the evidence applies whether the same is direct, circumstantial, or both. *American Varnish Co.* v. *Reed,* 154 Ind. 88. Judgment affirmed.