## The Grand Rapids and Indiana Railway Company *v.* Oliver, Administrator.

[No. 22,503. Filed January 27, 1914.]

1. Railroads.— *Crossing Accidents.— Complaint.— Sufficiency.*— A complaint to recover for the death of plaintiff's decedent at a railroad crossing, though not directly alleging that those in charge of the train were serving defendant at the time and acting in the line of their employment, as defendant's servants, was sufficient against objection on that ground, where no other conclusion could be drawn from the complaint as a whole than that those in charge of the train were defendant's servants and engaged in performing the work intrusted to them at the time decedent was killed. p. 147.

2. Railroads.—*Crossing Accidents.—Complaint.—Instructions.*—In an action for the death of plaintiff's decedent in a crossing accident, where the only conclusion to be drawn from the complaint, when considered as a whole, was that those in charge of the train at the time were defendant's servants and engaged in the performance of the work intrusted to them, objections, to instructions given, based on the assumption that the complaint was defective in failing to directly allege that those in charge of the train were defendant's servants and engaged in the line of their employment, were ineffective. p. 148.

3. Railroads.—*Crossing Accidents.—Negligence.—Failure to Signal Approach of Train.—Instructions.*—The failure of a railroad company to give reasonable and timely warning of the approach of its train to a street crossing, constitutes negligence, hence an instruction stating that the presence of employes on the backing car acting as lookouts, or for the purpose of giving signals, was not of itself sufficient to excuse defendant from giving timely warnings and signals of the approach to the crossing if the cir-

cumstances and conditions of the crossing were such that the signals and warnings of the employes upon the car would not apprise the traveler of the approaching train, and that under such conditions and circumstances defendant was bound to give such other warnings and signals as would warn the traveler who was looking and listening for a train, of the approach to the crossing, and that failure to do so would constitute negligence, was not open to the objection that it charged defendant with a greater duty than that imposed by law on railroads at street crossings in incorporated towns, and the giving of such instruction was not erroneous where there was evidence of defendant's failure to sound the whistle and ring the bell under such conditions and circumstances as to constitute negligence. p. 148.

4. APPEAL.—*Review.—Harmless Error.—Instructions.*—In an instruction in a railroad street crossing case, directing a verdict for plaintiff, if the jury found that the allegations of the complaint were true and that decedent was free from contributory negligence, the failure to specifically include the question of decedent's knowledge of the approaching train as an element of contributory negligence, was harmless, in view of the answers to interrogatories finding against defendant on that question, and of other instructions covering the omission complained of. p. 149.

5. APPEAL.—*Review.—Refusal of Instructions.*—There was no error in the refusal of requested instructions, where, in so far as they were correct, they were fully and correctly covered by the court's instructions. p. 150.

6. APPEAL.— *Findings.— Conclusiveness.— Misconduct of Jury.—* Where affidavits alleging that a juror was guilty of misconduct in disclosing the verdict before its rendition, were met by the affidavit of the juror, and of the person to whom the disclosure was alleged to have been made, expressly denying any disclosure, the trial court was warranted in finding that there had been no disclosure, and its conclusion will not be reviewed on appeal. p. 151.

7. APPEAL.—*Review.—Harmless Error.—Failure to Seal Interrogatories and Answers.*—Where the jury on returning a sealed verdict returned one set of interrogatories and answers not sealed, and also returned interrogatories submitted by appellant unanswered, the irregularity did not constitute harmful error, where the court required the jury to return to the jury room and complete its work of answering the interrogatories, and it appeared that the answers to the interrogatories returned in the first instance had not become known and were not afterwards changed except as they were made more definite at the court's direction. p. 152.

8. TRIAL.—*Failure of Jury to Answer Interrogatories.—Duty of Court.*—When a jury returns interrogatories unanswered, the

court should require it to return to the jury room and complete its work. p. 152.

9. TRIAL.— Rendition of Verdict.— Defective Verdict.—Where a sealed verdict has been agreed on and the jury has been allowed to separate, and upon reassembling the verdict is found to be defective, the jury should be required to retire and make the amendment. p. 152.

From Lagrange Circuit Court; *James Story Drake,* Judge.

Action by Robert J. Oliver, administrator of the estate of LaVerne Disbro, deceased, against The Grand Rapids and Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*James H. Campbell, Hanan, Ewbank & Hanan* and *Merritt & Duff,* for appellant.

*Frank J. Dunten* and *John G. Yeagley,* for appellee.

Cox, J.—Appellee, administrator of the estate of LaVerne Disbro, recovered a judgment against appellant for damages for the alleged negligent killing of Disbro, who was driving a horse drawing a coal wagon, and was struck and run over by a freight car which was run over a street crossing over which Disbro was passing, in the town of Lagrange. In this appeal from that judgment, appellant has assigned as error for which a reversal is asked, that the trial court erred in overruling a demurrer for want of facts, which it addressed to the complaint, and in overruling its motion for a new trial.

The complaint is long. It is wholly unnecessary to set it out in this opinion. The objection to it as an adequate statement of a cause of action is that while the death

1. of Disbro is expressly charged to have been caused by the movement of a locomotive and cars of appellant, yet it is claimed, there are in the complaint no direct averments that those in charge of the train were "serving

defendant at the time nor acting in the line of their employment as defendant's servants.'' These essential facts, it is urged, appear only by ''parenthetical recitals, participial clauses and (partly) of statements of mere conclusions.'' If it should be conceded that there is no direct averment of the facts in question, it, at the same time, could not be denied that, taking the complaint as a whole, no other conclusion could be reached than that those in charge of, and moving the train were the employes of appellant, intrusted by it with the work and doing it at the time Disbro was killed. The complaint is undeniably sufficient under the ruling of this court in *Domestic Block Coal Co.* v. *De-Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

Under the assignment of error involving the ruling on the motion for a new trial questions are raised on certain instructions given by the court and on others tendered by appellant which the court refused to give. One objection to instruction No. 10 and the sole objection to instructions Nos. 17 and 18 are based on the assumption that the complaint was defective in the particular above asserted. With the determination that the complaint is not subject to the objection made to its sufficiency, the criticism of these instructions on the ground stated is ineffective. A further complaint of instruction No. 10 is that it charged appellant with a greater duty than the law imposes on railroads at street crossings in incorporated towns. Among other things, by this instruction the jury was told in substance that the presence of one or more employes of appellant on the backing car acting as lookouts, or for the purpose of giving signals was not of itself sufficient to excuse appellant from giving timely warnings and signals of the approach of the car and engine to the crossing if the circumstances and conditions of the crossing were such that the signals and warnings of the employes upon the car would not apprise the traveler of the approach of the train. ''Under such conditions and cir-

cumstances,'' it was stated by the court, "it was defendant's duty to give such other warnings and signals as would warn the traveler who was looking and listening for a train, of the approach of its car and engine to and upon said crossing, and its failure to give such signals or warning would constitute negligence.'' There was some evidence that no signals by bell or whistle were given by those in charge of the approaching train and this, if found to be true, as was done by answers to interrogatories, would, under the facts and circumstances shown by the evidence in the case be negligence. *Pittsburgh, etc., R. Co.* v. *Terrell* (1911), 177 Ind. 447, 95 N. E. 1109, 42 L. R. A. (N. S.) 367, and cases there cited.

Instruction No. 19, of which complaint is made, is not as carefully drawn and as clear as might be desired but it cannot be said to be positively erroneous. In effect the jury was told by it, that if appellee had proved the material allegations of this complaint by a fair preponderance of the evidence, and the jury should find that the decedent was free from negligence which contributed to his death, it should find for appellee. The question of the knowledge of the approaching train on the part of Disbro as an element of contributory negligence, which it is claimed the court did not specifically include in the instruction, was found against appellant by the jury in its answers to interrogatories and if the instruction was rendered defective by the omission, appellant was not harmed. *Baltimore, etc., R. Co.* v. *Harbin* (1903), 160 Ind. 441, 67 N. E. 109. But in instruction No. 8, the court distinctly told the jury that if it found that Disbro heard or saw the train and undertook to drive across the track in front of it, thereby losing his life, there could be no recovery. Instruction No. 19 dealt with contributory negligence in general terms. Instruction No. 8 was specific in accordance with appellant's contention on this question. The omission complained of was also included in the court's instruction No. 12.

It is asserted for appellant that the court erred in refusing to give each one of the instructions Nos. 6, 9, 13, 14, 15, 16, 18, and 22. The court covered the case fully, and quite as favorably to appellant as was warranted by the evidence, by special instructions of its own. The instructions tendered and refused, while somewhat different in phraseology from those given by the court, were, so far as they were correct, the same in substance and legal effect and were not erroneously refused.

It appears by special bill of exceptions that the jury received its instructions from the court and retired to deliberate on its verdict in the evening, and, by consent of both parties it was instructed that if a verdict was agreed upon before the hour of 9:30 a. m. of the next day, the time to which the court adjourned, the verdict might be sealed and the jury separate to meet at the time named to deliver such verdict; that the jury did agree on a verdict and separated; that it reassembled at the time fixed and, in open court, in the presence of counsel and parties, delivered to the court, through the foreman, the general verdict sealed in an envelope; that at the same time the foreman delivered to the court, unsealed, a paper containing certain interrogatories requested by appellee and submitted by the court for the jury to answer; that the court declined to receive the verdict and part of the interrogatories and asked for the other interrogatories, which had been submitted at appellant's request, and they were delivered to the court unsealed and unanswered, the foreman informing the court that the jury did not understand that all the interrogatories must be answered; that thereupon the court, without disclosing to anyone what the verdict was or the answers to such interrogatories as had been answered, declined to receive the verdict or interrogatories but returned them to the jury and instructed it to retire and answer all the interrogatories which had been submitted, which action was taken without objection; that the jury deliberated upon the answers until

1:30 o'clock in the afternoon, when it again appeared in open court with its general verdict sealed as before and with all the interrogatories unsealed but answered; that thereupon appellant by a verified written motion objected to the reception of the verdict and asked that it be rejected, the submission be set aside and the jury discharged from further consideration of the cause on the ground of the misconduct of the jury in not answering all the interrogatories and in returning them unsealed, and on the further ground, as charged, that one of the jurors, after the separation and before reassembling, had disclosed to his father that the general verdict was for appellee and the amount of it, so that it became known to several persons, which facts, it was averred, appellant did not learn until after the jury had first appeared to return its verdict; that the court overruled this motion and thereupon received the sealed general verdict and the interrogatories but, upon appellant's motion, caused several of the interrogatories to be more definitely answered by the jury, whereupon the verdict was read in open court.

The overruling of appellant's motion was made cause for a new trial and the alleged misconduct of the juror in making known the verdict was assigned as a separate cause. These causes were supported by affidavit and they are urged as ground for reversal of the judgment. The charge that the particular juror made known the general verdict before it was returned by the jury is supported by affidavits of three persons that they heard the father of the juror say, before the time the sealed verdict was opened in court, that the verdict was for the appellee and for $4,000 (which was in fact, the amount of it). The alleged fact that the juror had exposed the verdict is a mere matter of inference. These affidavits were met by an affidavit of the juror in which he expressly denied that he had given any information to his father concerning the verdict, and also by an affidavit of the father that his son, the

juror, did not tell him the verdict and that he received no information concerning it from any of his son's family, but that he did hear a rumor that the verdict was as stated and might have told others. The evidence was sufficient to warrant the trial court in finding that there had been no disclosure of the verdict. The evidence on the question was at most conflicting and the rule is that this court, in such a case, will not review the conclusion of the trial court that there was no harmful misconduct. *Harbison* v. *Boyd* (1911), 177 Ind. 267, 277, 96 N. E. 587, and cases there cited.

It was also made manifest to the trial court by affidavits that the answers to such interrogatories as the jury had answered in the first instance had not become known, that they were not afterwards changed except as they were made more definite at the court's direction, and that the failure to answer the set of interrogatories submitted by the court upon appellant's request was due to a mistaken belief that it was only necessary to answer one set of the two sets submitted to them. Thus it appears that no harm resulted to appellant from the mere irregularity of the failure of the jury to seal the interrogatories and answers. It is a rule so well settled that a trial court should, when a jury returns interrogatories unanswered, require it to return to the jury room and complete its work, as to require no citation of authority to sustain it. The rule applies to the correction of an imperfect general verdict. It is not different when a sealed verdict has been agreed upon; and when a jury has been allowed to separate and return a sealed verdict, and upon reassembling, the verdict is found to be defective, the jury may be required to retire and make the proper amendment. *Tyrrell* v. *Lockhart* (1832), 3 Blackf. 136; *Pehlman* v. *State* (1888), 115 Ind. 131, 17 N. E. 270; *Warner* v. *New York, etc., R. Co.* (1873), 52 N. Y. 437, 11 Am. Rep. 724; *Seidenbach* v. *Riley* (1886), 6 N. Y. St. 104.

No error which would require a reversal being disclosed, the judgment is affirmed.

NOTE.—Reported in 103 N. E. 1066. See, also, under (1) 33 Cyc. 1053; (2) 33 Cyc. 1132; (3) 33 Cyc. 958, 1137; (4) 38 Cyc. 1782, 1817; (5) 38 Cyc. 1711; (6) 3 Cyc. 366; (7) 38 Cyc. 1918; (8) 38 Cyc. 1923; (9) 38 Cyc. 1932. As to actions for causing wrongful death, see 70 Am. St. 669. As to the amendment by the jury of a sealed verdict, see 5 Ann. Cas. 394.