## THAIN v. STATE OF INDIANA.

[No. 22,585. Filed November 11, 1914.]

1. CRIMINAL LAW. — *Appeal.* — *Questions Reviewable.* — *Motion to Quash.*—No question is presented on appeal on the overruling of an oral motion to quash, where the grounds of the motion are not stated in the record. p. 348.

2. CRIMINAL LAW.—*Verdict.*—*Sufficiency.*—Where the indictment in a prosecution for producing an abortion contained three counts, each charging the commission of the crime by a different method, a verdict finding defendant "guilty as charged" was sufficiently specific. p. 348.

3. CRIMINAL LAW.—*Appeal.*—*Harmless Error.*—*Challenge of Jurors.*—Defendant in a criminal prosecution was not harmed by alleged error in respect to challenging the jury on *voir dire,* where it appears that those jurors peremptorily challenged did not serve, and that when the jury was sworn defendant had

Thain v. State—182 Ind. 345.

the right of peremptory challenge of one juror remaining to
his credit. p. 349.

4. CRIMINAL LAW.—Trial.—Qualification of Jurors.—A juror is not
incompetent by reason of the fact that he has formed an opinion
from newspaper reports, which it would require evidence to
remove, where he states that he can give the defendant a fair
trial under the evidence as it may be. p. 349.

5. CRIMINAL LAW.—Appeal.—Review.—Newly-Discovered Evidence.
—Where the matters alleged as newly-discovered evidence in
support of a motion for new trial, had been testified to by a
witness in the case, who contradicted by affidavit the material
allegations of the affidavit of the absent witness, an issue of
fact was presented to the trial court, which will not be reviewed
on appeal. p. 349.

6. CRIMINAL LAW.—New Trial.—Newly-Discovered Evidence.—Re-
view.—Where the newly-discovered evidence upon which a new
trial is asked was cumulative in part, and the rest was such as
can hardly support an inference on the question of defendant's
guilt, the overruling of the motion can not be deemed reversible
error. p. 350.

7. ABORTION.—Admissibility of Evidence.—Amount of Charges.—
In a prosecution against a physician for producing an abortion,
evidence as to the amount charged by defendant, together with
evidence as to the value of services which he claimed to have
rendered the woman, was admissible as a circumstance tending
to show that the charge actually made was for a more serious
service than the one claimed to have been rendered. p. 350.

8. APPEAL. — Questions Reviewable. — Instructions. — Briefs. — No
question is presented on objections to an instruction, where
neither the instruction nor its substance is set out in appellant's
brief, nor its place in the record given. pp. 351, 353.

9. ABORTION.—Proof.—Circumstantial Evidence.—Absence of Ne-
cessity.—In a prosecution for producing an abortion, the absence
of necessity to save life may be proved by circumstantial evi-
dence. p. 351.

10. CRIMINAL LAW.—Appeal.—Instructions.—References to Other
Instructions.—An instruction in a prosecution for producing an
abortion relating to the question of the kind of instrument used,
was not erroneous in omitting the element of intent, since such
instruction is not to be disconnected from other instructions
given fully covering the question of the motive and intent neces-
sary to be shown to convict. p. 351.

11. CRIMINAL LAW.—Circumstantial Evidence.—Sufficiency.—While
circumstantial evidence, to sustain a conviction, must exclude
every reasonable hypothesis except that of guilt, the question of
whether it points conclusively to the guilt of the accused is for
the jury. p. 352.

12. APPEAL.—*Review.*—*Record.*—*Briefs.*—Objections to the form of an instruction pointed out in appellant's brief is without force where the defect does not appear in the instruction as set forth in the record.  p. 352.

13. CRIMINAL LAW.—*Appeal.*—*Review.*—*Instructions.*—An instruction upon the specific question of aiding or abetting in procuring an abortion was not erroneous in omitting the element of reasonable doubt, where the jury was fully informed by other instructions on the question of reasonable doubt with respect to aiding or abetting in the commission of the alleged crime; nor was the instruction bad for failure to name a principal who may have been aided or abetted, there being no question as to whether the accused was or was not a principal.  p. 352.

14. ABORTION.—*Indictment.*—*Proof.*—Under an indictment charging the production of an abortion by using an instrument, by using drugs, and by prescribing drugs, defendant would be guilty as a principal on proof of his guilt in doing either of the things charged.  p. 352.

15. CRIMINAL LAW.—*Instructions.*—*Venue.*—An instruction that if defendant in a prosecution did the things charged in the indictment, he would be guilty, is not erroneous for failure to lay the venue.  p. 353.

16. APPEAL.—*Review.*—*Refusal of Instructions.*—There is no error in the refusal of instructions that are fully covered by others given.  p. 353.

17. CRIMINAL LAW.—*Appeal.*—*Review.*—*Refusal of Instructions.*— The refusal of an instruction which would have had the effect of singling out and cautioning the jury against the testimony of a certain witness, was proper, but, even if erroneous, the error would be deemed harmless in view of other instructions on the credibility of witnesses, and especially in the absence of any showing by appellant as to how he could have been harmed thereby.  p. 353.

18. CRIMINAL LAW.—*Appeal.* — *Review.* — *Verdict.* — Although the Supreme Court, if trier of the facts, might have had some doubts as to the guilt of appellant, the verdict can not be disturbed where there was evidence to support it.  p. 354.

From Adams Circuit Court; *David E. Smith,* Special Judge.

Prosecution by the State of Indiana against George Thain. From a judgment of conviction the defendant appeals. *Affirmed.*

*C. J. Lutz, Lewis C. Devoss, E. O'Rourke* and *M. H. Luecke,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MYERS, J.—Appellant by an affidavit in three counts, was charged, tried by jury, and convicted of producing an abortion. The affidavit in one count charges the production of abortion by the use of an instrument of kind and character unknown to the affiant. The second count, by the administration of some drug the name of which is unknown to affiant. The third count, by prescribing some drug of unknown name. There was an oral motion to quash each
1.  count, but no ground stated on the record for the motion, and it presents no question here. *Bohall* v. *State* (1911), 176 Ind. 566, 96 N. E. 576. The only other error properly assigned is in overruling the motion for a new trial, and in this respect the questions presented arise over the form of the verdict, challenges to jurors on their *voir dire,* for cause, giving and refusing instructions, and alleged newly-discovered evidence.

As to the verdict, it is that appellant is "guilty as charged," and this is objected to as not being sufficiently specific and contrary to law. We cannot concur in this
2.  view. There was but one offense charged, and appellant concedes that it would have been sufficient if there had been added the words, "in the affidavit". These words would have added nothing to the force, or the specification of the verdict, in view of the fact that but one offense, and no differing grades of that offense, were, or could be charged, or any variation, or gradation, of punishment arise, and neither the trial court nor this court could have any difficulty in understanding it. *Colip* v. *State* (1899), 153 Ind. 584, 590, 55 N. E. 739, 74 Am. St. 322; *Steele* v. *Empsom* (1895), 142 Ind. 397, 404, 41 N. E. 822; *Polson* v. *State* (1894), 137 Ind. 519, 521, 37 N. E. 907. It has been held that where there is a finding of guilty, where there was a charge of differing grades of offense, that a finding of guilty

was a finding of guilt of the highest grade. *Lovell* v. *State* (1874), 45 Ind. 550. See also, *VanCleave* v. *State* (1898), 150 Ind. 273, 49 N. E. 1060.

So far as the jurors were concerned, they were peremptorily challenged, and did not serve on the jury, and appellant had the right of peremptory challenge of one juror remaining to his credit, when the jury was sworn, and his substantial rights were not denied, or prejudiced. *Siberry* v. *State* (1896), 149 Ind. 684, 39 N. E. 636, 47 N. E. 458; *Voght* v. *State* (1896), 145 Ind. 12, 43 N. E. 1049. Each of the two jurors stated that they had formed an opinion which it would take evidence to remove, if the reports in the newspapers, from which alone their opinions had been formed, were true, but they both stated that they could give defendant a fair trial under the evidence as it might be, and our cases have gone far to declare that such a juror is not incompetent. *Siberry* v. *State, supra; Shields* v. *State* (1897), 149 Ind. 395, 49 N. E. 351.

We are unable to discover from appellant's brief what showing, if any, was made as to the alleged newly-discovered evidence upon which a new trial was sought, but the State informs us by its brief, as to the conclusions of the Attorney-General, as to what was shown, and that it was not shown what effort if any had been made before the trial, to learn of, or procure this evidence. The point was immaterial, for the reason that some of the matters alleged as newly-discovered evidence were testified to by a witness in the case, which witness contradicted by affidavit the material allegations of the affidavit of the absent witness, thus presenting an issue of fact for the trial court, upon conflicting affidavits. *Grand Rapids, etc., R. Co.* v. *Oliver* (1914), 181 Ind. 145, 103 N. E. 1066.

The alleged newly-discovered evidence was to the point that the now dead woman had come to the witness' home, with the witness who did testify, and appeared ill, and had

lain down, and when she left she walked unsteadily. 6. It was in evidence by the witness, that this was after she had visited a doctor, other than appellant, with the woman now dead, and that in going to the home of the absent witness, the woman now dead had walked about a mile, and that she was not ill, but that some twenty days later after a visit to appellant's office, her sister was ill, and had to be supported in walking. There is evidence tending to show that the now dead woman had used an instrument on herself more than twenty days before a visit to appellant, and a few days after that visit she aborted, and died. The point sought to be made on the alleged newly-discovered evidence is, that the abortion had been produced by an act some twenty days before she actually aborted, but over against this is the evidence of the sister of the dead woman that she was not then ill, and specific evidence that she aborted after a visit to appellant. If the purpose of the evidence would be to show that the woman had used an instrument on herself prior to the visit to appellant, it would be cumulative only, for there was already direct evidence of the fact. The alleged absent evidence could therefore scarcely raise any inference, as applied to the fact that the woman did abort shortly after a visit to appellant. At any rate, we cannot say that the trial court erred in refusing a new trial on that ground.

Error is also predicated on the admission of evidence as to the amount charged the dead woman by appellant for whatever he did, coupled with evidence of the value 7. of the services which he said he had rendered, as tending to show that the charge actually made was for a more serious service than the one claimed to have been rendered. We do not think this was error. It was a circumstance the weight of which was for the jury.

Instructions Nos. 3 and 20 as originally found in the record have been correctly certified upon *certiorari*, and as now appearing, are not open to the objection pointed out in appel-

lant's brief. Objection is made to instruction No. 6, but neither the instruction nor its substance is stated in appellant's brief, nor is its place in the record given. No question therefore is raised on that point. *Radley* v. *State* (1910), 174 Ind. 645, 92 N. E. 541. Instruction No. 8 is objected to by appellant because it states that the absence of necessity (to save life) may be proven by circumstantial evidence. The rule is directly affirmed in this court. *Diehl* v. *State* (1901), 157 Ind. 549, 62 N. E. 51.

By instruction No. 9 the court charged that it was not necessary to show the particular instrument used in and upon the body or womb of the deceased woman, if an instrument was used, nor that its use was calculated to produce a miscarriage, if one was produced, if the jury believed beyond a reasonable doubt that the defendant did use an instrument which did cause and produce a miscarriage, and that it was not necessary to preserve life. The point made is that the element of intent is omitted. There was evidence tending to show that both an instrument had been used, and also medicine prescribed. This instruction went to the question of the use of an instrument, and is not to be disconnected from other instructions in the case, by which the jury was instructed fully upon the question of the motive and intent necessary to be shown to convict, in the use of an instrument by which a miscarriage is produced. Here the court was instructing on the question of the kind of instrument not being necessary to be shown, but not as to the question of intent, which was fully covered by instructions given on request of the State, as well as on defendant's request.

The same point made as to instruction No. 11 is answered by the holding as to instructions Nos. 8 and 9.

By instruction No. 12 the court instructed that guilt need not be shown by direct evidence, but may be shown by circumstantial evidence, the point against it being that in case

of circumstantial evidence it must point conclusively to the accused to warrant conviction. That is true, but whether it does, or does not point conclusively to the accused is a question for the jury. The true rule as we conceive it to be is that, in order to convict on circumstantial evidence the circumstances must be so strong as to exclude every other reasonable hypothesis except that of guilt, but that is only another form of expressing the rule that there should be no conviction even on direct evidence, if it can be reconciled with any other hypothesis than the guilt. But in this case the jury was specifically charged to that effect, and directly as to convictions on circumstantial evidence.

The objection to instruction No. 16 that it charges that the jury may take into consideration defendant's previous good reputation *or* morality, instead of good reputation *for* morality, (our italics), is unsupported, as the instruction in the record charges as appellant contends it should be, and not as he contends it was.

Instruction No. 17 is objected to an the ground that it does not charge that if you find from the evidence (beyond a reasonable doubt) that it is bad. In this instruction the court was instructing on the specific question of aiding and abetting in procuring an abortion. The whole law applicable to a case could rarely be given in a single instruction, and in other instructions the jury was fully instructed upon the question of reasonable doubt, and that too with respect to aiding and abetting in the alleged crime. But it is further urged that the instruction is bad because no principal is named whom he could have aided or abetted. There was no question as to whether appellant was or was not a principal. He was charged with using an instrument and with administering drugs, and prescribing drugs. If he did one or all of the things charged he would be guilty under the statute as a principal. *Seifert* v. *State* (1903), 160 Ind. 464, 67 N. E. 100, 98 Am. St. 340;

*McCaughey* v. *State* (1901), 156 Ind. 41, 59 N. E. 169. Objection to instruction No. 23 that no time and place are alleged, is not well taken. Neither instruction No. 26 nor 30 nor the substance of either is set out in appellant's brief, and no question is presented as to either. The objection that no venue is laid in instruction No. 28 when and where appellant counseled, advised, aided or assisted in producing the miscarriage is not well taken. The instruction need not lay the venue, but it does instruct that if appellant did the things as charged, he would be guilty, and the affidavit lays the venue and time, and contains the proper exception as to necessity for saving life. There was no error in refusing appellant's requested instruction No. 1, for the reason that the same ground was covered by appellant's tendered and given instruction No. 4, which goes farther than No. 1, and the court was not required to reiterate it. *Straub* v. *State* (1913), 179 Ind. 251, 100 N. E. 754. The same thing is true as to requested instruction No. 2. It was fully covered by No. 4.

It was in evidence that the mother, the sister, and the husband of the deceased woman had notice and knowledge of her condition, and at least the sister knew of the visit to appellant, and the purpose of it so far as she was concerned, to rid herself of the child she was carrying. These parties were all witnesses, and requested instruction No. 23 was as follows: ''The court further instructs you that in determining the weight and credit you will give to the testimony of any witness who may have testified before you in this case, you may take into account the relationship existing between Winnie Marhenke and said witnesses and between the witness and the defendant, and you may take into account the fact, if it be a fact, that any witness who has testified before you in any way contributed to, advised or assisted Winnie Marhenke to have an abortion

produced on her.'' The court charged generally, and fully, upon the question of taking into consideration the interest or feelings of witnesses in determining their credibility. This would apply as well to appellant and other witnesses in the case, as to those against whom the requested instruction was clearly directed, and is a safer method of instruction. It could hardly be said that the requested instruction is erroneous in its general statement, but as applied to this case, its effect would have been the same as if the particular witnesses at whom it was aimed had been named, and it certainly is neither good nor proper practice for a court to single out any witness and caution a jury against his testimony. Appellant has pointed out no reasons, nor cited any authority as to why the refusal of this instruction was a harmful error, having contented himself with the general statement that its refusal was error, and we are not able to perceive that its refusal could have harmed him, for the testimony of these witnesses was before the jury, and a proper subject of comment and inference. We might have had some doubts, had we been the trier of fact, as to the guilt of appellant, but there is evidence to support the verdict, and we cannot disturb it. The judgment is affirmed.

NOTE.—Reported in 106 N. E. 690. As to the crime of causing abortion, see 66 Am. Dec. 82. See, also, under (1) 12 Cyc. 865; (2) 12 Cyc. 693; (3) 12 Cyc. 917; (4) 24 Cyc. 302; (5) 12 Cyc. 904; (6) 12 Cyc. 740, 738; (7) Abortion 1 C. J. §76; (8) 12 Cyc. 877; (9) Abortion 1 C. J. §106; 1 Cyc. 190; (10, 13, 17) 12 Cyc. 654; (11) 12 Cyc. 488, 592; (12) 12 Cyc. 859; (14) Abortion, 1 C. J. §61; (15) 12 Cyc. 615; (16) 12 Cyc. 662; (18) 12 Cyc. 906.