## SALT CREEK TRANSP. CO. v. PUBLIC SERVICE COMMISSION*
(No. 1474; January 31, 1928; 263 Pac. 621)

CONSTITUTIONAL LAW—STATUTES—APPEAL AND ERROR—RESERVED QUESTIONS—ANSWERS RESTRICTED TO POINTS ARGUED—POLICE POWER—CARRIERS—REGULATION OF TRANSPORTATION COMPANIES— UNCONSTITUTIONALITY OF STATUTE MUST BE SHOWN AS TO PERSON ATTACKING IT.

1. Statute will not be declared void unless its invalidity is distinctly shown, and one attacking statute as unconstitutional must therefore point out specific constitutional provision claimed to be violated.

2. Supreme Court is not required to answer reserved question from district court involving constitutionality of statute, where particular part of Constitution claimed to be violated is not designated.

3. Constitutional question reserved to Supreme Court from district court should not be considered except as to points which have been specifically and fully argued before Supreme Court.

4. All contract and property rights are subject to reasonable exercise of state's police powers, especially in view of Const. art. 10, §§ 1, 2, making police power of state supreme over corporations and individuals.

5. Laws 1927, c. 98, regulating transportation companies, *held* not unconstitutional as impairing obligation of contract issued to carrier in form of certificate of convenience and necessity, under Comp. St. 1920, § 5497, in view of Const. art. 10, §§ 1, 2, by which corporations are made subject to state police power, 1927 act being reasonable exercise of police power.

6. Sess. Laws 1927, c. 98, regulating transportation by common and private carriers, if unconstitutional under Federal Const. Amend. 14, as to private carriers, in view of sections 1, 2, 3, of the statute, *held* nevertheless valid as to common carriers, since section 12 expressly provides that unconstitutionality of part of statute should not affect other parts.

7. To avoid effect of statute on ground of its unconstitutionality, person attacking statute must show it is void as to him, and mere showing of its unconstitutionality as to other persons or classes is insufficient.

8. In proceedings involving constitutionality of statute regulating carriers, court could not consider, at instance of common carrier, question whether statute was unconstitutional as to private carriers, even where both parties sought adjudication on that question, since it did not arise upon the record in the case.

*See Headnotes:   (1-3) 3 C. J. p. 1000 n. 10; 4 C. J. p. 1069 n. 23; 12 C. J. p. 785 n. 56.   (4, 5) 10 C. J. p. 54 n. 7 New; p. 649 n. 44 New; 12 C. J. p. 909 n. 33; p. 1039 n. 30.   (6) 36 Cyc. p. 985 n. 68.   (7, 8) 12 C. J. p. 762 n. 60, 63; p. 763 n. 64.

RESERVED case from District Court, Laramie County; WILLIAM A. RINER, Judge.

Proceeding by the Salt Creek Transportation Company against the Public Service Commission of Wyoming.   On reserved questions from the District Court.   Questions answered in part.

*Curran & Cobb,* for plaintiff.

The questions are submitted to test the validity of Chap. 98, Laws 1927; the State has power to regulate public utilities, Pond on Pub. Util. (3rd ed.) Secs. 705-711; denial of certificate is proper unless necessity be shown, Pond Pub.

Util. Secs. 780-783; plaintiff's rights vested under a former statute, Chap. 351 C. S. 1921, its repeal did not abrogate his rights, Co. v. Kennedy, Ann. Cas. 1915-D p. 56; necessity does not mean indispensability, Chicago Ry. Co. v. State, 258 Pac. 874; Chap. 98 Laws 1927 is unconstitutional as to all operators; its regulatory provisions cannot be separated, Goldsworthy v. Comm., (Md.) 119 Atl. 693; West v. Dairy, (Md.) 135 Atl. 136; Purple Truck Co. v. Campbell, 250 Pac. 213; 36 Cyc. 1155. The rule that construction placed upon the same statute by a sister state is subject to many exceptions, C. B. & Q. R. R. Co. v. Krauss, 16 Fed. (2nd) 82; Coulan v. Doull, 133 U. S. 193; 250 Pac. 214; Comm. v. Duke, 69 L. Ed. 207. Property used exclusively for private business cannot be converted into a public utility, Frost v. R. R. Comm'n., 70 L. Ed. 1101; the statute is inoperative against this plaintiff.

*W. O. Wilson,* Attorney General, *James A. Greenwood,* Deputy Attorney General, and *F. Chatterton,* for defendant.

The purpose of statutes of this class is for the protection of the public, the utility itself, and the upkeep of roads; the construction of Chap. 98, Laws 1920, as amended by Chap. 150, Laws 1925, should be considered in connection therewith, the new Act referring to the old; 36 Cyc. 1137; a statute intended to provide for the safety of a community should be sustained, City v. West, (N. Y.) 53 L. R. A. 548; City v. Cutberlett, L. R. A. 1915-D 209. The Act relates to intrastate business and is a reasonable regulation, Clark v. Poor, 47 Sup. Ct. Rep. 702; 36 A. L. R. 1110; Co. v. Derr, 228 Pac. 624; Vandalia v. McNeely, (U. S.) 71 L. Ed. 863. The statute is a police regulation, Stickney v. Co., 200 U. S. 527; it is a general law, McGarvey v. Swan, 17 Wyo. 120; it is similar to the regulation of the use of water in the interests of the public, Co. v. Carpenter, 9 Wyo. 110; Ryan v. State, 13 Wyo. 122; Hamp v. State, 19 Wyo. 377; Land Co. v. Canal Co., 218 U. S. 371; plaintiff has no indefeasible right to maintain its business on a public high-

way, Ex Parte Dicky, 85 S. E. 781; Com. v. Kinsbury, 199
Mass. 542; highways are within the control of the state,
Hadfield v. Lundin, 98 Wash. 657; Memphis Co. v. Co.,
(Tenn.) L. R. A. 1916-B 1143; LeBlanc v. New Orleans,
138 La. 243; Clark v. Poor, 47 S. C. R. 702; Morris v. Duby,
47 Sup. Ct. Rep. 548; Hendrick v. Maryland, 235 U. S. 610;
Kane v. New Jersey, 242 U. S. 160.   The title of the Act is
sufficient, In Re Judicial Dist., 4 Wyo. 133; In Re Boulter,
5 Wyo. 329; Comm'rs. v. State, 7 Wyo. 280; Co. v. Car-
penter, supra; Koppals v. State, 15 Wyo. 398.   The license
fee is in exercise of police regulation, Standard Co. v. Troy,
L. R. A. 1918-C 522, and cases cited; innumerable minor
portions may be included under a general title, State v.
Co., 156 Pac. 837; the police power of the state is supreme,
Art. X, Sec. 2 Const.; it embraces regulations to promote
public convenience, welfare and prosperity, R. R. Co. v.
Transbarger, 238 U. S. 67; C. B. & Q. Ry. v. Drainage Com.,
200 U. S. 561; the enforcement of uncompensated obedience
to laws established under police power is not unconstitu-
tional, C. B. & Q. R. R. Co. v. Chicago, 166 U. S. 226; Bank
v. Haskel, 219 U. S. 104; Ex parte Tindall, (Okla.) 229 Pac.
125; License Cases, 5 How. 583.   It is not a tax statute,
regulation being its prime purpose, Cooley on Taxation,
Sec. 1784; Brewster v. Ross, 166 Pac. 505; Davis v. Hailey,
143 Tenn. 247; State v. Foster, 50 L. R. A. 339; Ex parte
Holt, 178 Pac. 260; City v. French, 169 Ky. 174.   It is not
a violation of the Fourteenth Amendment, Scovel v. Detroit,
146 Mich. 93; R. R. Co. v. Schoenfeldt, (Wash.) 213 Pac.
26; Packard v. Banton, 264 U. S. 140; Producers Co. v. R.
R. Com., 251 U. S. 228; German Alliance Ins. Co. v. Lewis,
233 U. S. 389; Marcus Co. v. Feldman, 256 U. S. 170;
Hendrick v. Maryland, 235 U. S. 610.   The Fifth Amend-
ment does not apply to powers of the state, State v. Co., 156
Pac. 837; it is not a violation of the due process law, Bass
v. City, 28 Wyo. 387; State v. Ross, 31 Wyo. 500; Comm.
v. Co., 104 So. 538; Ohio Co. v. Borough, 253 U. S. 287; the
Commission has authority to fix rates, Co. v. Nebraska, 41

L. R. A. 481; State v. Comm., 272 S. W. 971; Thompson
Corporations (2nd ed.) Vol. 3, Sec. 2954; Walker v. White-
head, 83 U. S. 314; Law v. R. R. Com., (Calif.) 195 Pac.
423. The state may require carriers to protect their patrons
by insurance, Nashville Co. v. Ala., 128 U. S. 96; Western
Union v. Jones, 162 U. S. 650; People v. Pittsburg R. R.
Co., 244 Ill. 166; Siegal Co. v. Colby, 176 Ill. 210. The
Oregon case of Purple Truck Co. v. Campbell, cited by de-
fendant is not in point. Private carriers are subject to
regulation, LeBlanc v. New Orleans, 138 La. 243; Davis
v. People, (Colo.) 247 Pac. 801; State v. Sherman, 18 Wyo.
169. Contract rights from the state may be modified under
police power, R. R. Co. v. Goldsboro, 232 U. S. 548; Co.
v. Corp., 248 U. S. 372; Levy Co. v. Siegel, 258 U. S. 242;
that some of the contracts were entered into before the
statute was adopted is not material, Producers Co. v. R. R.
Co., 40 Sup. Ct. Rep. 131, nor does the contract clause of
the Constitution limit the state's police power, R. R. Co. v.
Iowa, 94 U. S. 155; R. R. Co. v. Mottley, 219 U. S. 467.

BLUME, Chief Justice.

This cause was submitted to the lower court upon an
agreed statement of facts, with a request that certain con-
stitutional questions be submitted to this court for answer.
The record discloses the following facts: The plaintiff, Salt
Creek Transportation Company, is a corporation organ-
ized under the laws of the State of Wyoming and is author-
ized to engage, as a common carrier, in the business of trans-
porting persons and property by means of motor vehicles
for compensation over the public highways of this state,
between the City of Casper and the City of Sheridan, via
Salt Creek. Plaintiff has been engaged in such business
for a period of approximately six years. On March 29,
1923, the Public Service Commission of this State issued
to plaintiff a certificate of convenience and necessity, amend-
ed on June 23, 1926, and again amended on March 15, 1927,
authorizing plaintiff, in substance, to operate and maintain
a private car line consisting of automobile busses for the

transportation of passengers and property between the cities aforesaid and along the line of its route. During the session of the legislature in 1927 an act was passed, known as Chapter 98 of the Session Laws of Wyoming 1927, entitled: "An Act to Supervise and Regulate the Transportation of Persons and Property for Compensation." Plaintiff is a transportation company within the meaning of that Act, but has failed and refused to comply with the provisions thereof or the regulations of the Public Service Commission thereunder, and it has been cited to appear before such Commission to show cause why it should not comply therewith.

The constitutional questions submitted to this court for decision are as follows:

"1. Is Chapter 98 of the Session Laws of 1927, or any section, subsection, clause or phrase thereof unconstitutional or in any way in violation of any of the provisions of either the constitution of the State of Wyoming or of the constitution of the United States, and if so, in what respect?

"2. If the answer to the foregoing question is in the negative, then is the plaintiff required, in order to lawfully engage in and operate its said business, to comply with each and every or any of the provisions and requirements of said Chapter 98?"

It will be noted that the questions submitted to us are broad and sweeping, without pointing out a single constitutional provision which is claimed to be violated by Chapter 98 aforesaid. It is held that a statute will not be declared void unless its invalidity is distinctly pointed out and clearly shown, and that accordingly one who alleges that a statute is unconstitutional must point out the specific constitutional provision that is violated by it. 12 C. J. 285. That rule is applicable here, and we might well return this case to the trial court without answering either of the questions submitted. Waiving that point, however, without letting such waiver serve as a precedent in the future, we must in any event limit our answers to the questions submitted to

the points which have been specifically and fully argued. Constitutional questions are too important to be answered by this court at random, and they should not be answered unless fully presented. Only two claims are made and argued in plaintiff's brief, viz: 1. That the certificate of convenience and necessity issued to it prior to the enactment of Chapter 98 of the Session Laws of 1927, is in the nature of a contract which cannot be modified by a subsequent enactment of the legislature. 2. That Chapter 98 above mentioned is unconstitutional as to private carriers and is therefore also unconstitutional as to the plaintiff, a common carrier.

1. It must be clear that the first point above mentioned is without merit. Section 1 of Article X of the State Constitution provides that all laws relating to corporations may be altered, amended or repealed by the legislature at any time when necessary for the public good and general welfare, and that all corporations doing business in this state may be regulated as to such business. Section 2 of the same article provides that the police power of the state is supreme over all corporations as well as individuals. The certificate of public convenience and necessity issued to plaintiff in this case was issued under the provisions of Section 5497, W. C. S. 1920. It constitutes a grant, or license, it is true, of the right to transport persons and property in motor vehicles over the line designated. It contains no restrictions, however, that plaintiff, as a common carrier, may not be regulated under the police power of the state. It implies, doubtless, that the plaintiff complied with the provisions of the statute then in force and the reasonable rules and regulations of the Commission thereunder. Kinder v. Looney, 171 Ark. 16, 283 S. W. 9. But it in no way, by implication or otherwise, can be said to abrogate any of the police powers possessed by the state. All contract and property rights are subject to these powers if exercised reasonably. Atlantic C. L. R. Co. v. Goldsboro, 232 U. S. 548, 34 Sup. Ct. Rep. 364, 58 L. Ed. 721, and cases cited.

And plaintiff has failed to point out any provision in Chapter 98 above mentioned which is unreasonable as to it.

2. The second question argued by plaintiff arises out of the apparently broad and sweeping definition of the term "transportation company," contained in Chapter 98 aforesaid. Section 1 defines such company to mean "every corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever, owning, controlling, operating or managing any motor vehicle, motor truck, motor bus, bus trailer, semi-trailer or other trailer in connection therewith, used in the business of transportation of persons or property by contract or agreement for compensation or as a common carrier for compensation over any public highway in this State between fixed termini, or over regular or irregular routes not operating exclusively within the limits of an incorporated city or town." Section 2 of the Act forbids any such company from operating in the state without complying with the provisions of the act. Section 3 of the Act authorized the public service commission of the state to fix rates, fares and charges to be charged by such company, to prescribe rules and regulations for its government, to require such company to provide adequate facilities for conveyance and transportation and to supervise and regulate it in a number of other ways. It is claimed, and the public service commission seems to concede, that the act attempts to regulate private carriers as well as common carriers, and counsel for plaintiff have pointed out to us that a legislative act of Oregon, from which Chapter 98 supra seems to have been copied, was declared unconstitutional as to private carriers by the Supreme Court of that state in the case of Purple Truck Garage Company, et al., v. Campbell, et al., 119 Ore. 484, 250 Pac. 213, 51 A. L. R. 816, and it is further pointed out that the

United States Supreme Court in the case of Frost, et al. v. Railroad Commission of the State of California, 271 U. S. 583, 46 Sup. Ct. Rep. 605, 70 L. Ed. 1101, 47 A. L. R. 457, declared a similar act of the State of California to be in violation of the 14th amendment to the Federal constitution. Granting, however, for the purpose of this case, that the act is unconstitutional as to private carriers, it does not follow that it is also unconstitutional as to common carriers. We have twice discussed a similar point, viz: in the case of State v. Sheldon, 29 Wyo. 233, 213 Pac. 92, and State ex rel. v. Ross, 31 Wyo. 500, 228 Pac. 636. In the latter case, we stated distinctly that:

"A statute unconstitutional as to certain persons or things but constitutional as to others may be sustained as to the persons or things to which it may be applied, without conflict with the constitution, if it is apparent that the legislature would have enacted the statute with the unconsitutional parts eliminated."

That is the situation in the case at bar. The act may clearly be applied to common carriers without reference to private carriers, and it is manifest that the legislature intended to have it so apply, though the act might be declared unconstitutional as to private carriers. By Section 12 of that act it is specifically provided that:

"If any section, subsection, sentence, clause or phrase of this Act is for any reason held to be unconstitutional, such decision shall not affect the validity of the remaining portions of this Act. The legislative assembly declares that it would have passed this Act and each section, subsection, sentence, clause and phrase thereof irrespective of the fact that any one or more other sections, subsections, sentences, clauses or phrases be declared unconstitutional."

The effect of a similar provision is fully discussed in the case of State ex rel. v. Ross, supra. We must accordingly

hold that the act in question is not unconstitutional as to common carriers, including plaintiff, merely because it also attempts to regulate and supervise private carriers in an unconstitutional manner. That is as far as we can go in this case. Counsel for both parties, it is true, have asked us to determine whether or not the act is constitutional as to private carriers. But we cannot do so, because that question does not arise upon the record in this case. The plaintiff is a common carrier. It is in no position to urge that the act is unconstitutional as to the private carriers. The law is well settled that it is not sufficient for a party to say that a statute is unconstitutional as to other persons or classes of persons. It must appear that it is unconstitutional as to the person attacking it. 12 C. J. 762, 763; Zancanelli v. Coal & Coke Co., 25 Wyo. 511, 173 Pac. 981. And this court, in the case of State v. Smart, 18 Wyo. 436, 110 Pac. 715, which came here on reserved constitutional questions, said:

"And it has been uniformly held that this court will examine the original papers certified to it by the district court in order to determine whether such questions arise in the action or proceeding and whether their determination is necessary to a disposition of the case, it being the general rule that the constitutionality of a statute will not be determined unless necessarily involved in the case before the court."

Plaintiff having no right to raise the question as to whether the act mentioned is constitutional as to private carriers, it does not arise in this proceeding, and we have therefore no right to answer it herein.

We accordingly return this case to the district court, answered only in so far as is herein indicated.

KIMBALL and RINER, JJ., concur.