Jane DOE et al., Appellants
(Plaintiffs below),

v.

John BURK, County Attorney for County of
Natrona, et al., Appellees
(Defendants below).

No. 4222.

Supreme Court of Wyoming.

Aug. 28, 1973.

Dallas J. Laird, and Curtis L. Harden,
Legal Aid Services, Inc., Casper, for appel-
lants.

Clarence A. Brimmer, Atty. Gen., H. J. Arnieri, Special Asst. Atty. Gen., Cheyenne, for appellees.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

This appeal directly submits to this court the question of the constitutionality of our Abortion Law, being §§ 6–77, 6–78, and 6–105, W.S.1957, 1973 Cum.Supp. Copies of these statutes are included in the attached appendix.

In light of the decisions of the Supreme Court of the United States, Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, rehearing denied 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694, and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201, rehearing denied 410 U.S. 959, 93 S.Ct. 1410, 35 L.Ed.2d 694, our course is firmly directed insofar as it touches the question of the constitutionality of §§ 6–77 and 6–78. The primacy of the Supreme Court of the United States in constitutional areas is firmly embedded in our law by judicial decision and in our own State Constitution, Art. 1, § 37, and Art. 21, § 24.

Plaintiff Doe in a class action for herself and others similarly situated filed her petition alleging that she was in the fourteenth week of her pregnancy and had applied for therapeutic abortion to her physician, who had refused to perform this because of his fear of prosecution under these sections of the abortion law. She prayed for an injunction against the officials who might institute prosecution and for a declaratory judgment that these sections are unconstitutional. The trial court in its judgment held that insofar as these sections applied to women in the first and second trimesters of pregnancy they were violative of plaintiffs' rights under the due process clause of the Fourteenth Amendment of the United States Constitution and the right of privacy under the First, Fourth, Ninth, and Fourteenth Amendments of the United States Constitution, and were of no force and effect as they applied to this plaintiff or any other person in her class during the first and second trimesters; and enjoined the attorney general and county attorney from prosecuting plaintiff, her doctor, medical consultants, or anyone else involved with the plaintiff in obtaining relief by way of an abortion. This judgment also included the same holding insofar as it affects § 6–105, but refused to pass upon the question of the constitutionality as it affected women in the third trimester. Both parties appealed from this judgment.

The constitutionality of the first two mentioned sections has passed from our hands because in Wade, 93 S.Ct. at 709–710, the court directs attention to the similarity between our statutes and the Texas Statutes, Arts. 1191–1194 and 1196 of the State's Penal Code, Vernon's Ann.P.C., leaving us no room for decision.

▮ We see no logical reason why these statutes should not also be held unconstitutional and void in their application to all women. This answer lies in the case of McFarland v. City of Cheyenne, 48 Wyo. 86, 42 P.2d 413, 416–419. That case recognizes the principle that a statute may be upheld as to one class embraced therein but further recognizes the rule that "courts incline towards treating a penal statute as void in its entirety whenever one section or clause is clearly unconstitutional," 6 R.C.L. 132; and further that "If the invalid portion is severable from the remainder, and constitutes but an incidental or unimportant part of the law, the remainder may stand," but that if it is not severable and the main purpose of the law would fail then the entire statute must be declared unconstitutional, 42 P.2d at 416. For these rea-

sons both §§ 6–77 and 6–78 must fall and we hold there is no basis for the trial court's failure to so hold that they were unconstitutional in their application to all such persons.

■ The regulation of abortions in this State is beyond the power of the courts and is solely a matter for the legislature, which must, of course, give heed to the pronouncements of the United States Supreme Court, particularly the summary appearing in Roe v. Wade, supra, 93 S.Ct. at 732–733.

■ We are, however, faced with a substantial question insofar as the lower court held and the appellants assert the unconstitutionality of § 6–105, W.S.1957, 1973 Cum. Supp. The petition of the appellants in no manner sets out any detrimental effect upon plaintiff or the class she represents by application of this section—merely alleging that these three statutes "are in pari materia" and must stand or fall as one unit. In their brief they assert that because these statutes are a unit they must fall and that to enforce the same would restrict the individual's right to a medically safe abortion. Plaintiff Doe is not a physician nor does she assert that any of the people she represents are physicians. There is no contention she is a publisher, seller, or distributor of medicine or nostrums or that she has ever sought such medicines or nostrums.

The parties in the lower court apparently proceeded upon the theory that § 6–105 was in pari materia with those declared invalid. We, however, will not necessarily decide this nor are we forced to a decision as to whether the "in pari materia rule" is one of construction solely. The title of the bill re-enacting and amending this clause concerns itself with "Family Planning and Birth Control"—not abortions. This in itself would raise a question as to whether it was in pari materia. It may be suggested that this section could conceivably be the subject of attack upon another basis if asserted by a proper party.

■ We have several times held that parties must show an adverse effect upon their rights before this court will recognize a claim of unconstitutionality, Johnson v. Schrader, Wyo., 507 P.2d 814, 818, and Powers v. City of Cheyenne, Wyo., 435 P.2d 448, 452, rehearing denied 436 P.2d 961, and cases cited therein. There is an equally compelling reason for a failure to consider this because this matter was treated apparently incidentally by the parties in their brief and argument. We have recognized that constitutional questions should not be considered unless they be specifically phrased and completely argued, Miller v. Board of County Commissioners of County of Natrona, 79 Wyo. 502, 337 P.2d 262, 271, and Salt Creek Transp. Co. v. Public Service Commission of Wyoming, 37 Wyo. 488, 263 P. 621, 622.

This matter is remanded to the district court for the entry of a declaratory judgment, declaring §§ 6–77 and 6–78, W.S.1957, unconstitutional and void and of no force or effect, and that reference to the unconstitutionality of § 6–105 be and the same is hereby ordered stricken from such judgment.

Affirmed as modified.

Mr. Justice McEWAN (concurring in part and dissenting in part).

I agree with the holding as it applies to §§ 6–77 and 6–78, W.S.1957, but I dissent from that portion of the opinion relating to § 6–105, W.S.1957, 1973 Cum.Supp., which section I would also hold as unconstitutional.

## APPENDIX

**§ 6-77. Criminal abortion.**—Whoever prescribes or administers to any pregnant woman, or to any woman whom he supposes to be pregnant, any drug, medicine, or substance whatever, with intent thereby to procure the miscarriage of such woman; or with like intent uses any instrument or means whatever, unless such miscarriage is necessary to preserve her life, shall, if the woman miscarries or dies in consequence thereof, be imprisoned in the penitentiary not more than fourteen years. (Laws 1890, ch. 73, § 31; R. S. 1899, § 4969; C. S. 1910, § 5808; C. S. 1920, § 7086; R. S. 1931, § 32-222; C. S. 1945, § 9-223.)

**Cross references.**—As to minimum punishment for a felony, see § 6-6.

As to killing unborn child by assault on mother, see § 6-71. As to sale, etc., of medicine, instruments or articles for procuring abortion, see § 6-103. As to mailing, carrying or giving oral information as to instruments, articles or medicine for procuring abortion, see § 6-104. As to advertising medicine, instruments or apparatus for procuring abortion or miscarriage, see § 6-105.

**ALR and C.J.S. references.** — Criminal responsibility of one other than subject or actual perpetrator of abortion, 4 ALR 351.

Criminal responsibility of one on whom abortion is committed for conspiring to commit the crime, 5 ALR 788; 74 ALR 1110; 131 ALR 1322.

Revocation of license of physician or surgeon for performing abortion or giving information as to abortion, 54 ALR 1504; 82 ALR 1184, 1186.

Necessity, to warrant conviction of abortion, that fetus be living at time of commission of act, 16 ALR2d 949.

Right of action for injury to or death of woman who consents to abortion, 21 ALR2d 369.

Pregnancy as element of abortion, 46 ALR2d 1393.

Entrapment to commit or attempt abortion, 53 ALR2d 1156.

1 C.J.S. Abortion §§ 1 to 40.

ANNOTATIONS APPEARING IN 1945 COMPILED STATUTES.

*Decisions Under Law of Origin.*

Similar to Burns' Indiana Statutes, § 10-105, to which the following cases apply:

**"Abortion" defined.**—Causing an unlawful miscarriage of a pregnant woman is an abortion. Hauk v. State, 148 Ind. 238, 46 N. E. 127, 47 N. E. 465.

**Conviction as principal.** — Furnishing medicine to produce an abortion may constitute the offense, though the party was not present when the medicine was administered. McCaughey v. State, 156 Ind. 41, 59 N. E. 169.

**Corpus delicti.**—The offense of abortion is complete if either miscarriage or death results from the use of an instrument with criminal intent. Swanson v. State, 222 Ind. 217, 52 N. E. (2d) 616.

**Dying declaration.**—Dying declaration admissible. Montgomery v. State, 80 Ind. 338, 41 Am. Rep. 815.

**Indictment.**—Different means of producing an abortion may be alleged in separate counts in the indictment. Diehl v. State, 157 Ind. 549, 62 N. E. 51.

**Manslaughter distinguished.** — Where death results it was proper to prosecute hereunder and not for manslaughter. Montgomery v. State, 80 Ind. 338, 41 Am. Rep. 815.

**§ 6-78. Soliciting miscarriage.**—Every woman who shall solicit of any person any medicine, drug or substance or thing whatever, and shall take the same, or shall submit to any operation or other means whatever, with intent thereby to procure a miscarriage (except when necessary for the purpose of saving the life of the mother or child), shall be fined not more than five hundred dollars and imprisoned in the county jail not more than six months; and any person who, in any manner whatever, unlawfully aids or assists any such woman to a violation of this section, shall be liable to the same penalty. (Laws 1890, ch. 73, § 32; R. S. 1899, § 4970; C. S. 1910, § 5809; C. S. 1920, § 7087; R. S. 1931, § 32-223; C. S. 1945, § 9-224.)

**Editor's note.**—Sections 33 and 34, ch. 73, Laws 1890, relating to libel and blackmailing, respectively, have been compiled as §§ 6-117 and 6-147, respectively.

**C.J.S. reference.**—1 C.J.S. Abortion § 14.

**§ 6-105. Advertising drug or nostrum for procuring abortion or miscarriage.**—Whoever prints or publishes any advertisement of any drug or nostrum with intent to obtain utilization of such drug or nostrum for procuring abortion or miscarriage; or sells or gives away, or keeps for sale or gratuitous distribution, any newspaper, circular, pamphlet, or book containing such advertise-

ment, or any account or description, of such drug or nostrum with intent to obtain utilization of such drugs or nostrum to procure abortion or miscarriage, shall be fined not more than one hundred dollars, to which may be added imprisonment in the county jail for not more than six months. (Laws 1890, ch. 73, § 83; R. S. 1899, § 5063; C. S. 1910, § 5913; C. S. 1920, § 7202; R. S. 1931, § 32-520; C. S. 1945, § 9-515; Laws 1969, ch. 32, § 9.)

**The 1969 amendment** so changed this section that a detailed comparison is not here practicable.